**STATE OF WISCONSIN**　　　**CIRCUIT COURT**　　　**WAUKESHA**

Americans for Citizen Voting PAC vs. Meagan Wolfe et al　**Electronic Filing Notice**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

Case No. 2026CV000781
Class Code: Declaratory Judgment

MEAGAN WOLFE
2ND FLOOR
201 WEST WASHINGTON AVENUE
MADISON WI 53703

Case number 2026CV000781 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 4ecf73**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: April 29, 2026

**Exhibit A - 001**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **WAUKESHA**

Americans for Citizen Voting PAC vs. Meagan Wolfe et al    **Electronic Filing Notice**

Case No. 2026CV000781
Class Code: Declaratory Judgment

---

MARK L. THOMSEN
2ND FLOOR
201 WEST WASHINGTON AVENUE
MADISON WI 53703

Case number 2026CV000781 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 4ecf73**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: April 29, 2026

GF-180(CCAP), 11/2020 Electronic Filing Notice      §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

**Exhibit A - 002**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

| STATE OF WISCONSIN | CIRCUIT COURT | WAUKESHA |
|---|---|---|

Americans for Citizen Voting PAC vs. Meagan Wolfe et al　　**Electronic Filing Notice**

Case No. 2026CV000781
Class Code: Declaratory Judgment

ROBERT F. SPINDELL JR.
2ND FLOOR
201 WEST WISCONSIN AVENUE
MADISON WI 53703

Case number 2026CV000781 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 4ecf73**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: April 29, 2026

GF-180(CCAP), 11/2020 Electronic Filing Notice

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

**Exhibit A - 003**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

**STATE OF WISCONSIN**　　　　**CIRCUIT COURT**　　　　**WAUKESHA**

Americans for Citizen Voting PAC vs. Meagan Wolfe et al　　**Electronic Filing Notice**

Case No. 2026CV000781
Class Code: Declaratory Judgment

CARRIE RIEPL
2ND FLOOR
201 WEST WASHINGTON AVENUE
MADISON WI 53703

Case number 2026CV000781 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 4ecf73**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: April 29, 2026

**Exhibit A - 004**

STATE OF WISCONSIN      CIRCUIT COURT      WAUKESHA

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

Americans for Citizen Voting PAC vs. Meagan Wolfe et al    **Electronic Filing Notice**

Case No. 2026CV000781
Class Code: Declaratory Judgment

DON M. MILLIS
2ND FLOOR
201 WEST WASHINGTON AVENUE
MADISON WI 53703

Case number 2026CV000781 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 4ecf73**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: April 29, 2026

GF-180(CCAP), 11/2020 Electronic Filing Notice
This form shall not be modified. It may be supplemented with additional material.
§801.18(5)(d), Wisconsin Statutes

**Exhibit A - 005**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **WAUKESHA**

Americans for Citizen Voting PAC vs. Meagan Wolfe et al          **Electronic Filing Notice**

Case No. 2026CV000781
Class Code: Declaratory Judgment

ANN S. JACOBS
2ND FLOOR
201 WEST WASHINGTON AVENUE
MADISON WI 53703

Case number 2026CV000781 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 4ecf73**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: April 29, 2026

**Exhibit A - 006**

**STATE OF WISCONSIN**　　　　**CIRCUIT COURT**　　　　**WAUKESHA**

Americans for Citizen Voting PAC vs. Meagan Wolfe et al　　**Electronic Filing Notice**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

Case No. 2026CV000781
Class Code: Declaratory Judgment

MARGE BOSTELMANN
2ND FLOOR
201 WEST WASHINGTON AVENUE
MADISON WI 53703

Case number 2026CV000781 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 4ecf73**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: April 29, 2026

GF-180(CCAP), 11/2020 Electronic Filing Notice

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

**Exhibit A - 007**

**FILED**
**04-29-2026**
**Clerk of Circuit Court**
**Waukesha County**
**2026CV000781**

STATE OF WISCONSIN   CIRCUIT COURT     WAUKESHA COUNTY

AMERICANS FOR CITIZEN VOTING
PAC
11166 Fairfax Boulevard
Suite 500, #1023
Fairfax, VA 22030

Plaintiff,

v.

MEAGAN WOLFE, in her official
capacity as Administrator of the
Wisconsin Elections Commission, and
ANN S. JACOBS, MARK L. THOMSEN,
CARRIE RIEPL, DON M. MILLIS,
ROBERT F. SPINDELL, JR., and
MARGE BOSTELMANN, in their official
capacities as Commissioners of the
Wisconsin Elections Commission,
201 West Washington Avenue, 2nd Floor
Madison, Wisconsin 53703

Defendants.

Case Type: Declaratory Judgment
Case Code: 30701
Case No. 26-CV-

---

## SUMMONS

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the

- 1 -

**Exhibit A - 008**

requirements of the statutes. The answer must be sent or delivered to the court, whose address is **Waukesha County Clerk of Courts, 515 West Moreland Boulevard, Waukesha, Wisconsin 53188**, and to the **Wisconsin Institute for Law & Liberty**, Plaintiff's attorneys, whose address is **1241 North Franklin Place, Milwaukee, Wisconsin 53202**. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: April 29, 2026.

Respectfully Submitted,

WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*Electronically signed by*
*Nathalie E. Burmeister*

Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)
Nathalie E. Burmeister (#1126820)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-7361

lucas@will-law.org
dan@will-law.org
nathalie@will-law.org

*Attorneys for Plaintiff*

- 2 -

**Exhibit A - 009**

**FILED**
**04-29-2026**
**Clerk of Circuit Court**
**Waukesha County**
**2026CV000781**

STATE OF WISCONSIN   CIRCUIT COURT   WAUKESHA COUNTY

---

AMERICANS FOR CITIZEN VOTING
PAC
11166 Fairfax Boulevard
Suite 500, #1023
Fairfax, VA 22030

Plaintiff,

v.

MEAGAN WOLFE, in her official
capacity as Administrator of the
Wisconsin Elections Commission, and
ANN S. JACOBS, MARK L. THOMSEN,
CARRIE RIEPL, DON M. MILLIS,
ROBERT F. SPINDELL, JR., and
MARGE BOSTELMANN, in their official
capacities as Commissioners of the
Wisconsin Elections Commission,
201 West Washington Avenue, 2nd Floor
Madison, Wisconsin 53703

Defendants.

Case Type: Declaratory Judgment
Case Code: 30701
Case No. 26-CV-

---

## COMPLAINT

---

Plaintiff Americans for Citizen Voting PAC ("ACV PAC"), by and through undersigned counsel, complains against Defendants Meagan Wolfe, Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann as follows:

**Exhibit A - 010**

## INTRODUCTION

1.     This is a civil rights action challenging various provisions of Wisconsin law as amended by 2025 Wisconsin Act 126 ("Act 126")[1], which unlawfully restrict core political speech and associational rights protected by the First Amendment.

2.     Act 126 amends Wis. Stat. §§ 8.10(3), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2. in order to impose strict residency requirements upon individuals who circulate nomination papers or recall petitions in the State of Wisconsin.

3.     Specifically, Act 126 amends state law to require circulators to be "qualified elector[s]" of Wisconsin, and any nomination papers or recall petitions circulated by a non-qualified elector are invalid.

4.     Those residency requirements violate the First Amendment. *See Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000), which struck down an Illinois law imposing similar residency requirements on circulators as a substantial burden on core political speech.

5.     This is not the first time Wisconsin has tried to restrict out-of-state circulators. A previous Wisconsin law imposing similar residency requirements for circulators was struck down more than twenty years ago. *See Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003).

6.     Nevertheless, Act 126 was signed into law by Governor Tony Evers on March 27, 2026.

---

[1] Available at https://docs.legis.wisconsin.gov/2025/related/acts/126.

- 2 -

7. Time is of the essence, as nomination papers are being circulated right now for the fall election. Plaintiff is seeking immediate temporary relief.

## PARTIES

8. Plaintiff Americans for Citizen Voting PAC ("ACV PAC") is a federal political action committee registered with the Federal Election Commission as a Hybrid PAC since December 27, 2023.

9. ACV PAC maintains its principal place of business in Fairfax, Virginia.

10. ACV PAC does not accept corporate contributions into its contribution account and is eligible to support candidates for state and federal office in the State of Wisconsin.

11. ACV PAC was formed to promote election integrity, to support policies that ensure only United States citizens vote in American elections, and to support candidates and efforts to advance those goals across the country.

12. As part of advancing its mission and goals, ACV PAC seeks to support and associate with candidates for public office in the State of Wisconsin.

13. One way that ACV PAC wants to support and associate with candidates for public office in the State of Wisconsin is by helping those candidates collect signatures on nomination forms.

14. ACV PAC wants to work with out-of-state residents seeking to collect nomination signatures in Wisconsin but is prohibited from doing so by the residency requirements imposed by Act 126 and challenged in this action.

- 3 -

15. Defendant Meagan Wolfe is the Administrator of the Wisconsin Elections Commission and is sued in her official capacity.

16. Defendants Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann, are each sued in their official capacities as Commissioners of the Wisconsin Elections Commission, as they are collectively and individually are responsible for coordinating Wisconsin's responsibilities under state law regarding the laws challenged in this action.

## JURISDICTION AND VENUE

17. This is an action for declaratory and injunctive relief for which this Court has jurisdiction under Wis. Stat. §§ 806.04 and 813.01.

18. Venue is proper in this Court is pursuant to Wis. Stat § 801.50(3)(a) because the sole Defendant is a state employee in an official capacity.

## BACKGROUND

19. Petition circulation is core political speech.

20. Before Act 126, Wisconsin law permitted non-residents who would otherwise be eligible Wisconsin electors if they were Wisconsin residents, to circulate nomination papers and recall petitions provided they complied with state law, including certification requirements. *Compare* 2025 Wisconsin Act 126 *with* 2005 Wisconsin Act 451[2].

21. Act 126, which was signed into law on March 27, 2026, and published a day later, makes several changes to state law.

---

[2] Available at https://docs.legis.wisconsin.gov/2005/related/acts/451.

- 4 -

**Exhibit A - 013**

22.     Act 126 amends Wis. Stat. § 8.15(4)(a) and related provisions to require that circulators state they are "a qualified elector of this state" with a narrow carve-out only for presidential/vice-presidential nomination papers.

23.     Act 126 also requires that a circulator of a recall petition must certify they are "a qualified elector of this state."

24.     Wis. Stat. § 6.02 sets the qualifications to be an elector in Wisconsin as being a U.S. citizen, age 18 or older, and having resided in Wisconsin for at least 28 days before any election.

25.     This is not Wisconsin's first attempt at imposing residency requirements on circulators.

26.     More than two decades ago, Wisconsin law required that circulators "reside[] within the district which the candidate . . . will represent." Wis. Stat. § 8.15(4)(a) (2001).[3] That requirement was challenged in federal court, deemed unconstitutional, and enjoined. *See Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003).

27.     Following *Frami*, Wisconsin removed this requirement from the statutes via 2005 Wisconsin Act 451. The requirement remained out of Wisconsin law until Act 126 reinserted it.

28.     After Act 126 was enacted, the Wisconsin Elections Commission updated its "Nomination Paper for Partisan Office" template to add "I am a qualified

---

[3] Available at https://docs.legis.wisconsin.gov/2001/statutes/statutes/8/15

- 5 -

**Exhibit A - 014**

elector of Wisconsin" to the "Certification of Circulator." **A true and correct copy of that template is attached hereto as Exhibit 1.**[4]

29.    After Act 126 was enacted, the Wisconsin Elections Commission also sent a "communication" to "Wisconsin Candidates and Political Parties" explaining that, under Act 126, "Any person who is circulating nomination papers for the 2026 Fall Election cycle must reside in Wisconsin and must be qualified to vote in Wisconsin." **A true and correct copy of that memorandum is attached hereto as Exhibit 2.**[5]

30.    Nomination papers for the November 2026 general election began to be circulated on April 15, 2026.

31.    On that day, the Wisconsin Elections Commission posted on its X.com social media account (@WI_Elections): "It's go time! Candidates can begin circulating nomination papers today for the Aug. 11 election! FYI: Under a new law, circulators must live in WI & be qualified to vote in the state." **A true and correct copy of that post (as displayed on X.com) is attached hereto as Exhibit 3.**[6]

---

[4]    This document is also available online at https://elections.wi.gov/sites/default/files/documents/EL-168%20Nomination%20Paper%20for%20Partisan%20Office_Fillable%20%28Rev.%202026-04%29_5.pdf.

[5] This document is also available on the Wisconsin Elections Commission's website at https://elections.wi.gov/candidates/getting-ballot (*See* "2026 Wisconsin Act 126 – Communication to Candidates & Political Parties.pdf").

[6]    The post is also available on X.com at https://x.com/WI_Elections/status/2044461839954727038, and is archived at https://archive.ph/XwQGT.

- 6 -

**Exhibit A - 015**

Case 2:26-cv-00786-LA     Filed 05/04/26     Page 15 of 57     Document 1-1

32.     Act 126 directly restricts the First Amendment protected activities of the Plaintiff.

33.     Because of Act 126, Plaintiff is unable to work with out-of-state circulators to support and associate with candidates in the State of Wisconsin.

34.     These restrictions shrink the pool of available circulators for Wisconsin candidates, prevent candidates from associating with out-of-state supporters, and thus limit the dissemination of political messages.

35.     For Plaintiff, this means a limited pool of circulators with which it can associate to advance its goals and support candidates in furtherance of its mission.

36.     Act 126 severely burdens Plaintiff's First Amendment rights because Plaintiff wants to engage out-of-state circulators to help Wisconsin candidates that it supports gather nomination signatures—but is prohibited from doing so in Wisconsin because of Act 126.

## CAUSES OF ACTION

### CLAIM ONE: VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS, 42 U.S.C. § 1983

37.     Plaintiff realleges and incorporates the preceding allegations of the complaint.

38.     The residency requirements imposed by Act 126 on petition circulators, as provided by Wis. Stat. §§ 8.10(3), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2., substantially burden and infringe on Plaintiff's right to free speech and political association protected by the First Amendment, and applied to the State of Wisconsin through the Fourteenth Amendment.

- 7 -

**Exhibit A - 016**

39.     These restrictions are not narrowly tailored to serve any compelling governmental interest.

40.     In *Frami*, the United States District Court for the Western District of Wisconsin struck down Wisconsin's previous residency requirements for circulators.

41.     The Seventh Circuit's *Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000) decision is controlling here. Under *Krislov*, the challenged residency requirements violate the First Amendment.

42.     Defendants, acting under color of state law, have enforced and will continue to enforce these unconstitutional provisions, harming Plaintiff's rights guaranteed by the First Amendment unless this Court declares those provisions to be unconstitutional and enjoins future enforcement, all in violation of 42 U.S.C. § 1983.

43.     "State courts have jurisdiction over actions brought under 42 U.S.C. § 1983." *Thorp v. Town of Lebanon*, 2000 WI 60, ¶ 19, 235 Wis. 2d 610, 612 N.W.2d 59 (citation omitted).

## REQUEST FOR RELIEF

Plaintiff therefore requests the following relief:

A.     Declare that the residency requirements imposed by Act 126, and contained in Wis. Stat. §§ 8.10(3), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2., are unconstitutional under the First Amendment as applied to the State of Wisconsin via the Fourteenth Amendment;

- 8 -

**Exhibit A - 017**

B.    Issue preliminary and permanent injunctive relief enjoining Defendants, their agents, employees, and successors from enforcing the residency requirements imposed by Act 126, and contained in Wis. Stat. §§ 8.10(3), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2.

C.    Award Plaintiff its attorney fees under 42 U.S.C. § 1988, costs, and any such other relief as the Court deems appropriate.

Dated: April 29, 2026.

Respectfully Submitted,

WISCONSIN INSTITUTE FOR LAW & LIBERTY

*Electronically signed by Nathalie E. Burmeister*

Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)
Nathalie E. Burmeister (#1126820)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

lucas@will-law.org
dan@will-law.org
nathalie@will-law.org

*Attorneys for Plaintiff*

- 9 -

**Exhibit A - 018**

## NOMINATION PAPER FOR PARTISAN OFFICE

| Candidate's name (required); no titles may be used. | | | Candidate's residential address (required) *No P.O. box addresses* Street, fire, or rural route number; box number (if rural route); and name of street or road | | | Candidate's municipality for voting purposes (required). ☐ Town of ☐ Village of ☐ City of _____ (name of municipality) |
|---|---|---|---|---|---|---|
| Candidate's mailing address, including municipality for mailing purposes (required if different than residential address or voting municipality) | State (required) **WI** | Zip code | Type of election (required) ☐ general ☐ special | General Election date (required) Mo/Day/Year | | (Required) Name of Party or Statement of Principle (5 words or less) |
| Title of office (required) | | District or Jurisdiction (required if applicable) ☐ District number _____ ☐ Jurisdiction (county) _____ | | Name of jurisdiction or district in which candidate seeks office (required) | | |

I, the undersigned, request that the candidate, whose name and residential address are listed above, be placed on the ballot at the election described above as a candidate representing the party or statement of principle indicated above, so that voters will have the opportunity to vote for ☐ him or ☐ her for the office listed above. I am eligible to vote in the jurisdiction or district in which the candidate named above seeks office. I have not signed the nomination paper of any other candidate for the same office at this election.

**The municipality used for mailing purposes, when different than municipality of residence, is not sufficient. The name of the municipality of residence must always be listed.**

| Signatures of Electors | Printed Name of Electors | Residential Address *(No P.O. Box Addresses)* Street and Number or Rural Route (Rural address must also include box or fire no) | Municipality of Residence Check the type and write the name of your municipality for voting purposes | Date of Signing Mo/Day/Year |
|---|---|---|---|---|
| 1. | | | ☐ Town ☐ Village ☐ City | |
| 2. | | | ☐ Town ☐ Village ☐ City | |
| 3. | | | ☐ Town ☐ Village ☐ City | |
| 4. | | | ☐ Town ☐ Village ☐ City | |
| 5. | | | ☐ Town ☐ Village ☐ City | |
| 6. | | | ☐ Town ☐ Village ☐ City | |
| 7. | | | ☐ Town ☐ Village ☐ City | |
| 8. | | | ☐ Town ☐ Village ☐ City | |
| 9. | | | ☐ Town ☐ Village ☐ City | |
| 10. | | | ☐ Town ☐ Village ☐ City | |

### CERTIFICATION OF CIRCULATOR

I, _____, certify: I reside at _____.
(Name of circulator)                          (Circulator's residential address - Include number, street, and municipality)

I further certify I am a qualified elector of Wisconsin. I personally circulated this nomination paper and personally obtained each of the signatures on this paper. I know that the signers are electors of the jurisdiction or district the candidate seeks to represent. I know that each person signed the paper with full knowledge of its content on the date indicated opposite his or her name. I know their respective residences given. I intend to support this candidate. I am aware that falsifying this certification is punishable under Wis. Stat. § 12.13(3)(a).

_____        _____
(Date)                                        (Signature of circulator)

Exhibit 1

Page No. _____

EL-168 | Rev. 2026-04 | Wisconsin Elections Commission, P.O. Box 7984, Madison, WI 53707-7984 | 608-266-8005 | web: elections.wi.gov | email: elections@wi.gov

**Exhibit A - 019**

## INSTRUCTIONS FOR PREPARING NOMINATION PAPERS FOR PARTISAN OFFICE

This is a sample nomination paper form. It conforms to the statutory requirements for nomination papers for partisan office. All information concerning the candidate must be completed in full before circulating this form to obtain signatures of electors. All information concerning the signing electors and the circulator must be completed in full before filing with the appropriate filing officer. This form may be reproduced in any way. A candidate's picture and campaign information may also be added to this form. The Wisconsin Elections Commission has determined that no disclaimer or other attribution statement is required on nomination papers. Candidates are advised to send a sample of their completed form to the filing officer for review before circulation. Federal and state candidates file with the Wisconsin Elections Commission. County candidates file with the County Clerk.

*Page Numbers* – Number each page consecutively, beginning with "1", before submitting to the filing officer. A space for page numbers has been provided in the lower right-hand corner of the form.

*Candidate's Name* - Insert the candidate's name. A candidate may use his or her full legal name, or any combination of first name, middle name, and initials or nickname with last name. The Wisconsin Elections Commission has determined that, absent any evidence of an attempt to manipulate the electoral process, candidates are permitted to choose any form of their name, including nicknames, by which they want to appear on the ballot.

No titles are permitted. In addition, names such as "Red" or "Skip" are permitted, but names that have an apparent electoral purpose or benefit, such as "Lower taxes," "None of the above" or "Lower Spending" are not permitted. It is also not permissible to add nicknames in quotes or parentheses between first and last names. For example, John "Jack" Jones or John (Jack) Jones are not acceptable, but John Jones, Jack Jones or John Jack Jones are acceptable.

*Candidate's Residence* – Insert the candidate's residential address (*no P.O. Box addresses*) and the municipality for voting purposes. Indicate if the municipality of residence is a town, village or city. If a candidate's mailing address is different from the residential address or voting municipality, a complete mailing address must also be given.

*Date of Election* - Insert the date of the election. If the nomination paper is being circulated for a general election, the date is the Tuesday after the first Monday in November of an even-numbered year. If the election is a special partisan election, the date of the special election must be listed.

*Party or Statement of Principle* – Insert the name of the party the candidate represents. Independent candidates may provide a Statement of Principle, not to exceed 5 words.

*Title of Office* - The name of the office must be listed along with the jurisdiction or district number that clearly identifies the office the candidate is seeking, for example, Representative to the Assembly – 1st district or Dane County District Attorney.

*Name of Jurisdiction* - The nomination papers must also indicate the municipality or jurisdiction in which the signing electors are qualified to vote, as it relates to the office sought by the candidate named on the nomination paper. For example, for a statewide office the jurisdiction is the State of Wisconsin. Other examples are 1st Congressional District, 24th Assembly District or Brown County.

*Signatures and Printed Names of Electors* - Only qualified electors of the jurisdiction or the district the candidate seeks to represent may sign the nomination papers. Each signer must also legibly print their name. Each elector must provide their residential address (*no P.O. Box addresses*), including any street, fire or rural route number, box number (if rural route) and street or road name and municipality of residence. A post office box number alone does not show where the elector actually resides. The name of the Municipality of Residence must be listed for each signing elector and must clearly identify the town, village or city where the elector's voting residence is located. The date the elector signed the nomination paper, including month, day and year, must be indicated. Ditto marks that follow correct and complete address or date information are acceptable. The circulator may add any missing or illegible address or date information before the papers are filed with the filing officer.

*Signature of Circulator* - The circulator should carefully read the language of the *Certification of Circulator*. THE CIRCULATOR MUST PERSONALLY PRESENT THE NOMINATION PAPER TO EACH SIGNER. THE CIRCULATOR MUST BE A QUALIFIED ELECTOR OF WISCONSIN. THE NOMINATION PAPER MAY NOT BE LEFT UNATTENDED ON COUNTERS OR POSTED ON BULLETIN BOARDS. The circulator's complete residential address including municipality of residence must be listed in the certification. After obtaining signatures of electors, the circulator must sign and date the certification.

*Other Instructions* - Candidates and circulators should review Ch. Wisconsin Elections Commission §§ 2.05, 2.07, Wis. Adm. Code.

> *Original* nomination papers must be in the physical custody of the appropriate filing officer by the filing deadline. A postmark on the filing deadline is NOT sufficient. Nomination papers **cannot** be faxed/emailed to the filing officer. Ch. Wisconsin Elections Commission § 6.04(2), Wis. Adm. Code.

> Nomination papers with the required number of signatures must be filed with the appropriate filing officer **no later than 5:00 p.m.** on June 1st (or the next day if June 1st is a holiday or weekend) before the general election. Nomination papers may not be circulated before April 15. Special elections may have different circulation time frames and filing deadlines. Check with the filing officer.

> In order for a candidate's name to be placed on the ballot, a candidate must file a *Campaign Registration Statement* (ETHCF-1), a *Declaration of Candidacy* (EL-162), and *Nomination Papers* (EL-168) containing the appropriate number of signatures for the office sought no later than the filing deadline. Wis. Stat. § 8.15(6). Candidates for state office and municipal judge must also file a Statement of Economic Interests with the Wisconsin Ethics Commission by the third business day after the nomination paper filing deadline. Wis. Stat. § 19.43. If any one of these required forms is not filed by the deadline, the candidate's name will not be placed on the ballot. Wis. Stat. § 8.30.

> If a candidate or circulator has any questions, he or she should contact the filing officer.

**Exhibit A - 020**

 # Wisconsin Elections Commission

212 East Washington Avenue | Third Floor | P.O. Box 7984 | Madison, WI 53707-7984
(608) 266-8005 | elections@wi.gov | elections.wi.gov

**DATE:**    April 8, 2026

**TO:**    Wisconsin Candidates and Political Parties

**FROM:**    Wisconsin Elections Commission

**SUBJECT:**    2025 Act 126- Qualifications of Nomination Paper and Petition Circulators

## Summary

On March 30, 2026, Act 126 was signed into law. Wis. Stat. §§ 8.10, 8.15, 8.20, 8.40, and 9.10 were amended to require a circulator of nomination papers and recall petitions to be a "qualified elector of this state." The key change was that in the past, circulators could be residents of other states who *would* have been eligible to vote in Wisconsin if they lived in the state. **Under the new law, circulators must be residents of Wisconsin for voting purposes**. Note: Circulators for presidential nomination papers and referenda petitions may still be adult U.S. citizens who are not Wisconsin residents but who would be otherwise qualified to vote under Wisconsin law.

The new law requires that all petition circulators be a "qualified elector." A qualified elector of Wisconsin is someone who:

- Is a U.S. citizen
- Is at least 18 years old
- Has resided at their residential address in Wisconsin for at least 28 consecutive days with no present intent to move
- Is not currently serving a felony conviction, including incarceration, parole, probation, or extended supervision
- Has not been adjudicated to be incompetent with a finding that they do not understand the voting process
- Has not made a bet or wager on the result of the election

This means individuals who are not Wisconsin residents, or individuals who reside in Wisconsin but are disqualified from voting, cannot serve as a circulator. Specifically, circulators must have lived at their Wisconsin residential address for at least 28 days.

*Wisconsin Elections Commissioners*
Ann S. Jacobs, chair | Marge Bostelmann | Don M. Millis | Carrie Riepl | Robert Spindell | Mark L. Thomsen

Administrator
Meagan Wolfe


Exhibit
2

**Exhibit A - 021**

2025 Act 126- Qualifications of Nomination Paper and Petition Circulators
4/8/2026
Page 2

On April 6, 2026, the Wisconsin Elections Commission held a public meeting to approve this memo and updated nomination paper templates to reflect this change in the law. The forms can be found on the WEC's website at https://elections.wi.gov/forms.

Candidates and petitioners must follow the new law immediately. **Any person who is circulating nomination papers for the 2026 Fall Election cycle must reside in Wisconsin and must be qualified to vote in Wisconsin.**

## Legal Analysis

**On March 30, 2026, Wisconsin 2026 Act 126 required that all circulators reside in Wisconsin and must be qualified to vote in Wisconsin.** The law includes circulators of nomination papers, and recall petitions.

Circulators for presidential nomination papers and referendum petitions do not need to be Wisconsin residents. However, they must be U.S. citizens, at least 18 years old, and otherwise eligible to vote under Wisconsin law.

While circulators are not required to be registered to vote, they must be *qualified* to vote. Therefore, if an individual is under 18, not a U.S. citizen, serving any portion of a felony sentence, or is otherwise disqualified from voting in Wisconsin, they may **not** serve as a circulator.

Qualified Wisconsin electors **can** serve as circulators. Wis. Stat. 6.02 defines a **qualified Wisconsin Elector**:

> *(1) Every U.S. citizen age 18 or older who has resided in an election district or ward for 28 consecutive days before any election where the citizen offers to vote is an eligible elector.*

> *(2) Any U.S. citizen age 18 or older who moves within this state later than 28 days before an election shall vote at his or her previous ward or election district if the person is otherwise qualified. If the elector can comply with the 28-day residence requirement at the new address and is otherwise qualified, he or she may vote in the new ward or election district.*

Disqualified Wisconsin electors cannot serve as circulators. Wis. Stat. 6.03 defines a **disqualified Wisconsin Elector**:

> *(1) The following persons shall not be allowed to vote in any election and any attempt to vote shall be rejected:*

> *(a) Any person who is incapable of understanding the objective of the elective process or who is under guardianship, unless the court has determined that the person is competent to exercise the right to vote.*

**Exhibit A - 022**

2025 Act 126- Qualifications of Nomination Paper and Petition Circulators
4/8/2026
Page 3

*(b) Any person convicted of treason, felony or bribery, unless the person's right to vote is restored through a pardon or under s. 304.078 (3).*

*(2) No person shall be allowed to vote in any election in which the person has made or become interested, directly or indirectly, in any bet or wager depending upon the result of the election.*

*(3) No person may be denied the right to register to vote or the right to vote by reason that the person is alleged to be incapable of understanding the objective of the elective process unless the person has been adjudicated incompetent in this state. If a determination of incompetency of the person has already been made, or if a determination of limited incompetency has been made that does not include a specific finding that the subject is competent to exercise the right to vote, and a guardian has been appointed as a result of any such determination, then no determination of incapacity of understanding the objective of the elective process is required unless the guardianship is terminated or modified under s. 54.64.*

## Action Items for Candidates and Circulators

**Effective immediately, all circulators must follow the new law.**

The first day potential candidates for the 2026 Fall Primary and General Election may start circulating nomination papers is **April 15, 2026.** Candidates are responsible for ensuring all their circulators comply with the new law.

**Use the new nomination paper template.**

The WEC has approved new nomination paper templates. The new templates include updated "Certification of Circulator" language. The new language clearly states that the circulator is a qualified elector of the State of Wisconsin. Please use the new templates when preparing your nomination papers for the 2026 Fall Primary and General Election. If you have already submitted your nomination papers to the WEC or your local filing officer for review, we encourage you to modify your templates to include the new "Certification of Circulator" language.

**Challenges to the old template.**

During the WEC staff's facial review of nomination papers, staff will not check that each circulator is a qualified elector. The WEC staff will also not strike signatures if a candidate uses the old nomination paper template. However, the signatures must be valid, which means that the circulator must provide information showing that the circulator has a Wisconsin residential address. If a circulator provides an address outside of Wisconsin, all signatures on the page will be struck.

**Exhibit A - 023**

2025 Act 126- Qualifications of Nomination Paper and Petition Circulators
4/8/2026
Page 4

Candidates and recall petitioners **could face challenges** to their signatures and petitions if they use the old template or use circulators who are not qualified electors. The Commission cannot pre-judge challenges and will make determinations on the outcome of any such challenges at its June 9, 2026 ballot access meeting.

### 4. Communication with Candidates.

This communication is being sent to political parties who have ballot access status. Most candidates on the 2026 Fall Primary and General Election ballot file their nomination papers with the Wisconsin Elections Commission (WEC).  However, WEC encourages county, municipal, and school district clerks, who are filing officers for the 2026 Fall Primary and General Election, to contact candidates and parties in their area to inform them of the law change ahead of the April 15 circulation period.

### 5. Questions?

Please direct any questions to our Help Desk at elections@wi.gov or 608-261-2028.

**Exhibit A - 024**

 ← **Post**

 **Wisconsin Elections** ✔
@WI_Elections                                                    ...

It's go time! 🙋 🗒 Candidates can begin circulating nomination papers today for the Aug. 11 election!

FYI: Under a new law, circulators must live in WI & be qualified to vote in the state.

More info: elections.wi.gov/candidates/get...



12:04 PM · Apr 15, 2026 · **495** Views

💬          🔁 3          ♡ 3          🔖          ↑

Exhibit
3

**Exhibit A - 025**

**FILED**
**04-29-2026**
**Clerk of Circuit Court**
**Waukesha County**
**2026CV000781**

STATE OF WISCONSIN     CIRCUIT COURT     WAUKESHA COUNTY

| | |
|---|---|
| AMERICANS FOR CITIZEN VOTING PAC<br>11166 Fairfax Boulevard<br>Suite 500, #1023<br>Fairfax, VA 22030<br><br>Plaintiff,<br><br>v.<br><br>MEAGAN WOLFE, in her official capacity as Administrator of the Wisconsin Elections Commission, and ANN S. JACOBS, MARK L. THOMSEN, CARRIE RIEPL, DON M. MILLIS, ROBERT F. SPINDELL, JR., and MARGE BOSTELMANN, in their official capacities as Commissioners of the Wisconsin Elections Commission,<br>201 West Washington Avenue, 2nd Floor<br>Madison, Wisconsin 53703<br><br>Defendants. | Case Type: Declaratory Judgment<br>Case Code: 30701<br>Case No. 26-CV- |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

On April 29, 2026, Plaintiff filed a motion and supporting documents for a temporary restraining order pursuant to Wis. Stat. § 813.025. Now, for good cause shown,

**Exhibit A - 026**

IT IS HEREBY ORDERED that:

1.      Defendant Meagan Wolfe, in her official capacity as Administrator of the Wisconsin Elections Commission, and Defendants Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann, in their official capacities as Commissioners of the Wisconsin Elections Commission, are temporarily restrained from enforcing the residency requirements in Wis. Stat. §§ 8.10(3), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2., as created by 2025 Wisconsin Act 126. This order does not invalidate any signatures which contain the certification required by Act 126.

2.      Defendants are hereby ordered to publicize this order in at least the same manner that Defendants had previously announced that those residency requirements were in effect.

- 2 -

Exhibit A - 027

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

STATE OF WISCONSIN    CIRCUIT COURT    WAUKESHA COUNTY

AMERICANS FOR CITIZEN VOTING
PAC
11166 Fairfax Boulevard
Suite 500, #1023
Fairfax, VA 22030

Plaintiff,

v.

MEAGAN WOLFE, in her official
capacity as Administrator of the
Wisconsin Elections Commission, and
ANN S. JACOBS, MARK L. THOMSEN,
CARRIE RIEPL, DON M. MILLIS,
ROBERT F. SPINDELL, JR., and
MARGE BOSTELMANN, in their official
capacities as Commissioners of the
Wisconsin Elections Commission,
201 West Washington Avenue, 2nd Floor
Madison, Wisconsin 53703

Defendants.

Case Type: Declaratory Judgment
Case Code: 30701
Case No. 26-CV-

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN EX PARTE
TEMPORARY RESTRAINING ORDER AND A TEMPORARY INJUNCTION**

---

TO:   MEAGAN WOLFE, in her official
capacity as Administrator of the
Wisconsin Elections Commission, and
ANN S. JACOBS, MARK L.
THOMSEN, CARRIE RIEPL, DON M.
MILLIS, ROBERT F. SPINDELL, JR., and
MARGE BOSTELMANN, in their official
capacities as Commissioners of the Wisconsin
Elections Commission

201 West Washington Avenue, 2nd Floor
Madison, Wisconsin 53703

- 1 -

**Exhibit A - 028**

PLEASE TAKE NOTICE that Americans for Citizen Voting PAC ("ACV PAC"), by its attorneys at the Wisconsin Institute for Law & Liberty, pursuant to Wis. Stat. §§ 813.025 and 813.02, hereby moves for a temporary restraining order and temporary injunction prohibiting Defendants from implementing or enforcing the residency requirements in Wis. Stat. §§ 8.10(3), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2, as amended by 2025 Wisconsin Act 126.

The grounds for this motion, as more fully set forth in the memorandum and supporting declaration submitted in conjunction with this motion, all of which are incorporated herein, are that the residency requirements imposed by 2025 Wisconsin Act 126 violate Plaintiff's rights guaranteed by the First Amendment to the United States Constitution.

Pursuant to Waukesha County Circuit Court, Civil Court Division, Local Court Rule 1.3(1), Plaintiff notified the Wisconsin Elections Commission and the Wisconsin Department of Justice of this action via email at approximately 8:10 a.m. on April 29, 2026. This notification included the Summons and Complaint, the current version of Plaintiff's Notice of Motion and Motion for an Ex Parte Temporary Restraining Order and Temporary Injunction, Plaintiff's Memorandum in Support of Plaintiff's Motion for an Ex Parte Temporary Restraining Order and Temporary Injunction, Declaration of Paul Jacob, and the Proposed Order Granting Temporary Restraining Order.

Dated: April 29, 2026.

[Signature Block on Following Page]

- 2 -

**Exhibit A - 029**

Respectfully Submitted,

WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*Electronically signed by*
*Nathalie E. Burmeister*

Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)
Nathalie E.  Burmeister (#1126820)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-7361

lucas @will-law.org
dan@will-law.org
nathalie@will-law.org

*Attorneys for Plaintiff*

- 3 -

**Exhibit A - 030**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

STATE OF WISCONSIN  CIRCUIT COURT  WAUKESHA COUNTY

AMERICANS FOR CITIZEN VOTING
PAC
11166 Fairfax Boulevard
Suite 500, #1023
Fairfax, VA 22030

Plaintiff,

v.

MEAGAN WOLFE, in her official
capacity as Administrator of the
Wisconsin Elections Commission, and
ANN S. JACOBS, MARK L. THOMSEN,
CARRIE RIEPL, DON M. MILLIS,
ROBERT F. SPINDELL, JR., and
MARGE BOSTELMANN, in their official
capacities as Commissioners of the
Wisconsin Elections Commission,
201 West Washington Avenue, 2nd Floor
Madison, Wisconsin 53703

Defendants.

Case Type: Declaratory Judgment
Case Code: 30701
Case No. 26-CV-

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR AN EX PARTE TEMPORARY RESTRAINING ORDER AND
TEMPORARY INJUNCTION**

---

Plaintiff Americans for Citizen Voting PAC ("ACV PAC"), by its undersigned

attorneys at the Wisconsin Institute for Law & Liberty, submits this memorandum

in support of its motion for a temporary restraining order and temporary injunction.

- 1 -

**Exhibit A - 031**

## INTRODUCTION

Time is of the essence. Through 2025 Wisconsin Act 126 ("Act 126")[1], the State of Wisconsin has imposed an in-state residency requirement on anyone who may collect nomination signatures for candidates for public office, as well as on those who may collect signatures in support of a recall petition for public officeholders. These requirements plainly violate the First Amendment and must immediately be struck down.

Plaintiff, a PAC that wishes to work with out-of-state residents to help collect nomination signatures in Wisconsin, is directly harmed by Act 126. Indeed, the residency requirements imposed by Act 126 severely burden Plaintiff's First Amendment rights because Plaintiff wants to engage out-of-state residents to help Wisconsin candidates that it supports gather nomination signatures, but Act 126's residency requirements prevent Plaintiff from doing so and significantly limit the pool of individuals and firms ACV PAC may work with to advance its mission.

This issue is not unique. In *Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000), the Seventh Circuit made clear that such residency requirements (in that case, from the State of Illinois) violate the First Amendment. *Krislov* controls here. And this is not the first time this issue has come up in Wisconsin, either. More than two decades ago, a federal court declared the state's *previous* circulator residency requirements unconstitutional. *See Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003). This is not a close call, and this Court is now asked to do what was already done more than

---

[1] Act 126 is available at https://docs.legis.wisconsin.gov/2025/related/acts/126.

- 2 -

two decades ago: protect the First Amendment rights of out-of-state circulators to collect nomination signatures.

Time is of the essence. Candidates for the November 2026 general election are *currently* collecting nomination signatures: the current collection window opened on April 15 and closes on June 1. Plaintiff now seeks a temporary restraining order and a temporary injunction to stop these unconstitutional restrictions and restore Plaintiff's First Amendment right to facilitate the collection of nomination signatures.

Unless this Court acts—and quickly—Plaintiff will continue to be prevented from engaging fully in First Amendment-protected conduct and will continue to suffer irreparable harm.

## BACKGROUND

### A.     Ballot access in Wisconsin

To obtain ballot access in Wisconsin, candidates must—among other things—file four documents by the deadline established for their requisite election: (1) A Declaration of Candidacy; (2) Nomination Papers; (3) A Campaign Restriction Statement; and (4) A Statement of Economic Interest.[2] Nomination Papers are the focus of this lawsuit.

To successfully complete the Nomination Papers requirement, candidates must collect signatures from electors who reside within the jurisdiction of the position

---

[2] Wisconsin Elections Commission, *Candidate Ballot Access Procedures Nomination Papers* at 2–7 Oct. 2023), available at https://elections.wi.gov/sites/default/files/documents/Ballot%20Access%20Manual%20Oct%202023.pdf

- 3 -

**Exhibit A - 033**

and/or office they seek. *See* Wis. Stat. §§ 8.10(2), (3); 8.15. The number of signatures each candidate must obtain varies by the office sought, but for some positions, the number of required signatures can be as high as 2,000 per candidate (in the case of statewide offices, for example). *See* Wis. Stat. §§ 8.10(3) 8.15(6).[3]

As relevant to this lawsuit, the person responsible for circulating the signature pages must sign a "certification of a qualified circulator" at the bottom of each page of nomination signatures. Wis. Stat. §§ 8.10(3), 8.15(4)(a). Between June 10, 2006, and March 26, 2026, a "qualified circulator" included out-of-state residents who would otherwise be eligible to vote in Wisconsin elections. *See* 2005 Wisconsin Act 451.[4] But under Act 126, only a "qualified elector of this state" may make such a certification, and therefore, only qualified *Wisconsin* electors may collect signatures for nomination papers. Wis. Stat. §§ 8.10(3), 8.15(4)(a), as amended by Act 126. Indeed, the signatures on each page that is *not* circulated by a "qualified elector of this state" may not be counted. Wis. Stat. § 9.10(2)(em)2, as amended by Act 126.

In addition to nomination papers, Act 126 likewise requires anyone circulating *recall petitions* to be "a qualified elector of this state." Wis. Stat. §§ 8.40(2)(b) (created by Act 126); 9.10(2)(em)2.

---

[3]   *See also* Wisconsin Elections Commission, *Candidate Ballot Access Procedures Nomination Papers* at 4 (providing examples with statutory citations), available at https://elections.wi.gov/sites/default/files/documents/Ballot%20Access%20Manual%20Oct%202023.pdf.

[4] Available at https://docs.legis.wisconsin.gov/2005/related/acts/451.

**Exhibit A - 034**

### B.     The original Wisconsin residency requirements

At the time *Krislov* was decided by the Seventh Circuit in the early 2000s, Wisconsin law also imposed a residency requirement on circulators which was substantially similar to Illinois' law. More specifically, the 2001 Wisconsin Statutes included a requirement that anyone circulating nomination papers certify that the individual ". . . resides within the district which the candidate named therein will represent . . ." Wis. Stat. § 8.15(4)(a) (2001).[5] That requirement was challenged in *Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003), and there, the United States District Court for the Western District of Wisconsin concluded that the requirement was unconstitutional as a violation of the First Amendment.

As described *supra,* Part A, Wisconsin's residency requirements changed in the Spring of 2006, following the Western District of Wisconsin's decision in *Frami. See* 2005 Wisconsin Act 451.[6] Under the post-Act 451 framework, nomination papers and recall petitions could be circulated by any person who is eligible to vote in Wisconsin, or is a U.S. Citizen age 18 or older who, if he or she were a Wisconsin resident, would otherwise be eligible to vote in Wisconsin. That framework stayed in place for decades after Act 451 was adopted.

### C.     Wisconsin's latest attempt

On March 27, 2026, Act 126 was signed into law. And as explained above, Act 126 reimplemented new residency requirements for nomination paper circulators

---

[5] Available at https://docs.legis.wisconsin.gov/2001/statutes/statutes/8/15.

[6] Available at https://docs.legis.wisconsin.gov/2005/related/acts/451.

- 5 -

**Exhibit A - 035**

after a couple-decade hiatus. Specifically, Act 126 amends state law to provide that, in order to circulate nomination papers for a candidate for public office, or to circulate a recall petition, the circulator must be eligible to vote in Wisconsin. To be eligible to vote in Wisconsin, such a circulator must be a U.S. Citizen, age 18 or older, and must have resided in Wisconsin for at least 28 consecutive days. Wis. Stat. § 6.02. Out of-state residents whom Plaintiff may (and does) wish to work with in Wisconsin, are excluded from this definition because they are not residents of Wisconsin.

Act 126 exempts circulators of candidates for the offices of President and Vice President from the Wisconsin residency requirement. *See* Wis. Stat. § 8.20(3), as amended by Act 126. So, Plaintiff *could* engage out-of-state residents to circulate those particular nomination papers once every four years, but not for any other offices.

Specifically, Act 126 amends Wis. Stat. §§ 8.10(3)(intro.) (regarding nomination papers for Wisconsin's nonpartisan spring elections), 8.15(4)(a) (regarding nomination papers for Wisconsin's partisan fall elections), 8.20(3) (regarding nomination papers for independent candidates), 8.40(2) (regarding petition circulator requirements), and 9.10(2)(em)2. (regarding recall petitions) to require that circulators must be a "qualified elector" of the State of Wisconsin (unless collecting signatures for President or Vice President, as just explained). Each of these residency requirement changes violates the First Amendment, as explained herein.

### D.　Plaintiff

Plaintiff Americans for Citizen Voting PAC ("ACV PAC") is a federal political action committee registered with the Federal Election Commission as a Hybrid PAC

- 6 -

**Exhibit A - 036**

since December 27, 2023. Jacob Decl. ¶¶ 1, 3. It maintains its principal place of business in Fairfax, Virginia. Jacob Decl. ¶ 4. ACV PAC does not accept corporate contributions into its contribution account and is eligible to support candidates for state and federal office in the State of Wisconsin. Jacob Decl. ¶ 5.

ACV PAC's core mission is to promote election integrity by advocating for policies that ensure only U.S. citizens vote in American elections, and this mission includes supporting candidates who advance these goals across the country. Jacob Decl. ¶ 6.

One way ACV PAC seeks to advance its mission is to engage in independent expenditures to support candidates who are aligned with ACV PAC's goals. Jacob Decl. ¶ 7. Gathering nomination signatures for candidates for public office is another way in which ACV PAC advances its mission and supports those candidates. Jacob Decl. ¶ 8.

ACV PAC seeks to make expenditures to hire individuals to help collect nomination signatures for candidates for public office in the State of Wisconsin. Decl. Jacob ¶ 9. And more specifically, ACV PAC seeks to advance its mission by helping candidates for public office that it supports in the State of Wisconsin gather nomination signatures during the current signature gathering period which opened on April 15, 2026 and ends on June 1, 2026. Decl. Jacob ¶ 10.

The residency requirements imposed by Act 126 require ACV PAC to engage only with Wisconsin electors to accomplish its goals, significantly limiting the pool of individuals and firms ACV PAC can work and associate with in support of its mission.

- 7 -

Jacob Decl. ¶ 11–12. As a result, Act 126 directly harms ACV PAC's ability to advance its political beliefs, and to associate with candidates and supporters of its choosing. Jacob Decl. ¶¶ 12–13.

In furtherance of its mission, ACV PAC has entered into a Petition Agreement with DRW Campaigns, Inc. to engage in signature gathering on nominating petitions in support of Wisconsin state candidates. Jacob Decl. ¶ 14. DRW Campaigns, Inc. is based in Michigan and regularly hires petition circulators from around the country who are not qualified electors in Wisconsin. Jacob Decl. ¶ 14. Because of the residency requirements imposed by Act 126, the petition services to be provided by DRW Campaigns, Inc. under the Petition Agreement are contingent upon the issuance of a temporary or permanent injunction enjoining Act 126. Jacob Decl. ¶ 14.

### STATEMENT OF FACTS[7]

On March 27, 2026, Governor Tony Evers signed 2025 Act 126 ("Act 126") into law in Wisconsin. *See* 2025 Wisconsin Act 126.[8] Act 126 reimplements new residency requirements for nomination paper and recall petition circulators. More specifically, Act 126 amends Wis. Stat. §§ 8.10(3)(intro.), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2. to require that nomination paper and recall petition circulators be a "qualified elector of this state." *Id.* The only exception to the "qualified elector of this

---

[7] Pursuant to Waukesha County Circuit Court, Civil Court Division, Local Court Rule 1.3(2), this section contains all the material facts currently known.

[8] Available at https://docs.legis.wisconsin.gov/2025/related/acts/126.

- 8 -

**Exhibit A - 038**

state" requirement imposed by Act 126 is with respect to presidential/vice-presidential nomination papers. *Id.*

Before Act 126, Wisconsin law permitted out-of-state residents who would otherwise be eligible Wisconsin electors if they were Wisconsin residents, to circulate nomination papers and recall petitions provided they complied with state law, including certification requirements. *Compare* 2025 Wisconsin Act 126 *with* 2005 Wisconsin Act 451[9].

In addition, Act 126 is not Wisconsin's first attempt at imposing residency requirements on circulators. More than two decades ago, Wisconsin law required that circulators "reside[] within the district which the candidate . . . will represent." Wis. Stat. § 8.15(4)(a) (2001). That requirement was challenged in federal court, deemed unconstitutional, and enjoined. *See Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003). Following *Frami*, Wisconsin removed this requirement from the statutes via 2005 Wisconsin Act 451. The requirement remained out of Wisconsin law until Act 126 reinserted it. *Compare* 2025 Wisconsin Act 126 *with* 2005 Wisconsin Act 451.

After Act 126 was enacted, the Wisconsin Elections Commission updated its "Nomination Paper for Partisan Office" template to add "I am a qualified elector of Wisconsin" to the "Certification of Circulator." *See* Exhibit 1 to Plaintiff's Complaint. In addition, the Wisconsin Elections Commission sent a "communication" to "Wisconsin Candidates and Political Parties" explaining that, under Act 126, "Any person who is circulating nomination papers for the 2026 Fall Election cycle must

---

[9] Available at https://docs.legis.wisconsin.gov/2005/related/acts/451.

**Exhibit A - 039**

reside in Wisconsin and must be qualified to vote in Wisconsin." *See* Exhibit 2 to Plaintiff's Complaint at 1–2, 4.

Nomination papers for the November 2026 general election began to be circulated on April 15, 2026. *See* Wis. Stat. 8.15(1). On that day, the Wisconsin Elections Commission posted on its X.com social media account (@WI_Elections): "It's go time! Candidates can begin circulating nomination papers today for the Aug. 11 election! FYI: Under a new law, circulators must live in WI & be qualified to vote in the state." *See* Exhibit 3 to Plaintiff's Complaint.

Paul Jacob is the Chairman of Plaintiff Americans for Citizen Voting PAC ("ACV PAC"). Jacob Decl. ¶ 1. ACV PAC is a federal political action committee registered with the Federal Elections Commission as a Hybrid PAC since December 27, 2023. Jacob Decl. ¶ 3. ACV PAC maintains its principal place of business in Fairfax, Virginia. Jacob Decl. ¶ 4. ACV PAC does not accept corporate contributions into its contribution account and is eligible to support candidates for state and federal office in the State of Wisconsin. Jacob Decl. ¶ 5. ACV PAC's core mission is to promote election integrity by advocating for policies that ensure only United States citizens can vote in American elections. Jacob Decl. ¶ 6. This mission includes supporting candidates throughout the country who advance these goals. Jacob Decl. ¶ 6.

One way ACV PAC seeks to advance its mission is to engage in independent expenditures to support candidates who are aligned with ACV PAC's goals. Jacob Decl. ¶ 7. Gathering nomination signatures for candidates for public office is one way

- 10 -

in which ACV PAC advances its mission and supports those candidates. Jacob Decl. ¶ 8.

ACV PAC seeks to make independent expenditures to hire individuals to help collect nomination signatures for candidates for public office in the State of Wisconsin. Jacob Decl. ¶ 9. More specifically, ACV PAC seeks to advance its mission by helping candidates for public office that it supports in the State of Wisconsin gather nomination signatures during the current signature gathering period which opened on April 15, 2026 and ends on June 1, 2026. Jacob Decl. ¶ 10.

Because of the changes to Wisconsin law implemented by 2025 Wisconsin Act 126 ("Act 126"), ACV PAC is now required to engage with only Wisconsin electors in collecting nomination signatures and is prohibited from working with out-of-state residents to gather nomination signatures for candidates, significantly limiting the pool of individuals and firms ACV PAC is permitted to work with to advance its mission. Jacob Decl. ¶ 11. These requirements impede ACV PAC's ability to communicate its political messages by limiting its ability to support candidates of its choosing, including by limiting who ACV PAC may associate with to advance its goals. Jacob Decl. ¶ 12. As a result, Act 126 directly harms ACV PAC's ability to advance its political beliefs, and to associate with candidates and supporters of its choosing. Jacob Decl. ¶ 13.

In furtherance of its mission, ACV PAC has entered into a Petition Agreement with DRW Campaigns, Inc. to engage in signature gathering on nominating petitions in support of Wisconsin state candidates. Jacob Decl. ¶ 14. DRW Campaigns, Inc. is

- 11 -

based in Michigan and regularly hires petition circulators from around the country who are not qualified electors in Wisconsin. Jacob Decl. ¶ 14. Because of the residency requirements imposed by Act 126, the petition services to be provided by DRW Campaigns, Inc. under the Petition Agreement are contingent upon the issuance of a temporary or permanent injunction enjoining Act 126. Jacob Decl. ¶ 14.

Act 126 severely burdens Plaintiff's First Amendment rights because Plaintiff wants to engage out-of-state circulators to help Wisconsin candidates that it supports gather nomination signatures during the current signature gathering period—but is prohibited from doing so in Wisconsin because of Act 126.

As explained below, petition circulation is core political speech, and Act 126 unlawfully restricts Plaintiff's core political speech and associational rights, which are protected by the First Amendment.

## LEGAL STANDARD

Ex parte restraining orders are governed by Wis. Stat. § 813.025. The Court may grant an ex parte restraining order "if the court is of the opinion that irreparable loss or damage will result to the applicant unless a temporary restraining order is granted." Wis. Stat. § 813.025 (2). Such an order "shall be effective only for 5 days unless extended after notice and hearing thereon, or upon written consent of the parties or their attorneys." *Id.*

Temporary injunctions are governed by Wis. Stat. § 813.02(1). To secure a temporary injunction, the movant must establish: (1) "a reasonable probability of ultimate success on the merits," (2) that an injunction is "necessary to preserve the

- 12 -

status quo," (3) "a lack of adequate remedy at law;" and (4) "irreparable harm." *Werner v. A.L. Grootemaat & Sons, Inc.*, 80 Wis. 2d 513, 520–21, 259 N.W.2d 310 (1977). The Wisconsin Supreme Court has also held that a movant must "satisfy the [ ] court that on balance equity favors issuing the injunction." *Pure Milk Prod. Co-op. v. Nat'l Farmers Org.*, 90 Wis. 2d 781, 800, 280 N.W.2d 691 (1979).

Before granting a temporary injunction or temporary restraining order, "the court may attempt to contact the party sought to be restrained, or his or her counsel if known, by telephone," but is not required to do so. Wis. Stat. § 813.02(1)(b).

## ARGUMENT

The residency requirements imposed by Act 126 directly harm the Plaintiff by restricting its ability to advance its political beliefs. Plaintiff meets all requirements for immediate temporary relief.

I. **Plaintiff is likely to succeed on the merits.**

The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. "The First Amendment applies to the states by the Due Process Clause of the Fourteenth Amendment." *Nicodemus v. City of S. Bend,* 137 F.4th 654, 663 n. 7 (7th Cir. 2025) (*citing Gitlow v. New York*, 268 U.S. 652, 666, 45 S.Ct. 625 (1925)).

Circulating petitions is "core political speech" and is where the First Amendment protection is "at its zenith." *Buckley v. American Constitutional Law Found., Inc.* 525 U.S. 182, 186 (1999) (quoting *Meyer v. Grant*, 486 U.S. 414, 422, 425 (1988)). Because residency requirements on petition circulators, like those imposed

- 13 -

by Act 126, impose severe burdens on free speech, strict scrutiny applies to residency requirements.

Under the provisions of Act 126, only Wisconsin residents are eligible to circulate nomination papers for candidates for public office. Plaintiff ACV seeks to work with individuals who are not Wisconsin residents in order to collect signatures for candidates that Plaintiff supports in furtherance of its political goals and mission. Jacob Decl. ¶¶ 9–14. But Act 126 prohibits that activity, and prohibits the Plaintiff from associating with individuals of its choosing to advance its political beliefs and goals. Jacob Decl. ¶¶ 11–14. Thus, the residency restrictions imposed by Act 126 severely burden Plaintiff's rights under the First Amendment, and Plaintiff is highly likely to succeed on the merits of this claim.

Since *Buckley*, a number of federal courts have invalidated state law residency requirements like those imposed by Act 126. And as Plaintiff explained earlier, that includes the United States District Court for the Western District of Wisconsin regarding a previous attempt by the State to impose such a requirement. *See Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003). In addition, the Act 126 residency requirements have been declared unconstitutional by the Seventh Circuit. *See Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000). All Plaintiff asks is for this court to do exactly what was done more than twenty years ago: declare this latest attempt to impose residency requirements on nomination circulators to be unconstitutional.

The Seventh Circuit and the United States District Court for the Western District of Wisconsin are not alone in reaching these conclusions—nearly *every*

- 14 -

**Exhibit A - 044**

federal Court of Appeals has come to the same conclusion. *See Lerman v. Board of Elections in City of New York*, 232 F.3d 135 (2nd Cir. 2000) (invalidating New York's residency requirement for witnessing candidate designating petitions as a violation of the First Amendment); *Chandler v. City of Arvada*, 292 F.3d 1236 (10th Cir. 2002) (invalidating a city regulation prohibiting nonresidents from circulating petitions as a violation of the First Amendment); *Yes on Term Limits v. Savage*, 550 F.3d 1023 (10th Cir. 2008) (invalidating Oklahoma's statutory ban on nonresident petition circulators as a violation of the First Amendment); *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008) (striking down a residency requirement for petition circulators as a violation of the First Amendment); *Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008) (invalidating Arizona's residency requirement for nomination petition circulators as a violation of the First Amendment); *Pierce v. Jacobsen*, 44 F.4th 853 (9th Cir. 2022) (striking down Montana's residency requirement for petition circulators as a violation of the First Amendment); *Libertarian Party of Va. v. Judd*, 718 F.3d 308 (4th Cir. 2013) (invalidating Virginia's residency requirement for petition circulation as a violation of the First Amendment); *Wilmoth v. Secretary of New Jersey*, 731 Fed. App'x. 97 (3d Cir. 2018) (finding New Jersey's residency requirement for circulators imposed severe burden on First Amendment rights, and remanding for further proceedings); *We the People PAC v. Bellows* 40 F.4th 1 (1st Cir. 2022) (affirming an injunction against Maine's residency requirement for petition circulators on First Amendment grounds); *but see Initiative & Referendum Institute v. Jaeger*, 241 F.3d 614 (8th Cir. 2001) (upholding North Dakota's residency requirement).

- 15 -

**Exhibit A - 045**

Here, and like the many other state laws that have tried to impose residency requirements before, the restrictions imposed by Act 126 are not narrowly tailored to serve a compelling state interest and are therefore unconstitutional. Indeed, the State of Wisconsin can have no compelling state interest to block non-residents from collecting nomination signatures for candidates. As the Seventh Circuit explained: "circulating nomination petitions necessarily entails political speech, it follows that the First and Fourteenth Amendments compel States to allow their candidates to associate with non-residents for political purposes and to utilize non-residents to speak on their behalf in soliciting signatures for ballot access petitions." *Krislov*, 226 F.3d at 866.

And even if the state's interests could be compelling here, they are not narrowly tailored. As the Western District of Wisconsin explained in *Frami*, "because the registration requirement substantially burdens First Amendment rights, only narrowly tailored means can be used to achieve the state's goals . . .". 255 F.Supp.2d at 970. The Court then went on to explain that the residency requirements challenged there were not "narrowly tailored to facilitate the state's ability to locate out-of-state petition circulators and discourage fraud." *Id.* Nor were they narrowly tailored to "insuring that residents of other states who circulate petitions are subject to the state's judicial processes . . ." *Id.* Nor were they narrowly tailored to prevent any alleged fraud from occurring. *Id.* at 970–71.

Wisconsin's latest attempt to impose residency requirements is substantially similar to what the Western District of Wisconsin considered in *Frami* and the

- 16 -

analysis should be the same here. These provisions are not narrowly tailored to any compelling government interest.

Plaintiff is substantially likely to succeed on the merits of its claim that the challenged residency requirements imposed by Act 126 violate the First Amendment, and so this factor of the test is met.

## II. Allowing the residency requirements to remain in force will cause irreparable harm to the Plaintiff, and there is no other adequate remedy at law.

"Injunctions are not to be issued without a showing of a lack of adequate remedy at law and irreparable harm . . .". *Werner v. A. L. Grootemaat & Sons, Inc.*, 80 Wis. 2d 513, 520, 259 N.W.2d 310 (1977). For a temporary injunction "the requirement of irreparable injury is met by a showing that, without it to preserve the status quo pendente lite, the permanent injunction sought would be rendered futile." *Id.* A movant can show lack of an adequate remedy at law by establishing "that the injury cannot be compensated by damages." *Kohlbeck v. Reliance Const. Co.*, 2002 WI App 142, ¶ 13, 256 Wis. 2d 235, 246, 647 N.W.2d 277.

Nomination papers began circulating in Wisconsin on April 15, 2026, and can be circulated through June 1, 2026. Wis. Stat. § 8.15(1). Plaintiff seeks to make expenditures to hire individuals to help collect nomination signatures for candidates for Wisconsin public office, but because of Act 126, Plaintiff is now required to engage only with Wisconsin electors in collecting nomination signatures and is prohibited from working with out-of-state residents to gather nomination signatures for candidates, significantly limiting the pool of individuals and firms Plaintiff can work with to advance its mission. Jacob Decl. ¶¶ 9–13. Plaintiff's inability to exercise its

- 17 -

**Exhibit A - 047**

First Amendment rights is not compensable by damages. And absent an injunction, Plaintiff will not be able to work with out-of-state circulators (including those supplied by DRW Campaigns, Inc., with whom ACV PAC has entered into a Petition Agreement) to participate in the current signature collecting period. Jacob Decl. ¶ 14 Plaintiff also cannot go back in time to work with out-of-state circulators to gather nomination signatures after the collection period is over, so any future permanent injunction would be "rendered futile." *Werner*, 80 Wis. 2d at 520.

Furthermore, constitutional violations constitute "proof of an irreparable harm." *Preston v. Thompson*, 589 F.2d 300, 303, n.3 (7th Cir. 1978). And the United States Supreme Court has said that "[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (citation omitted).

Here, Plaintiff's constitutional rights have been, and are continuing to be, denied by Act 126 which is administered and enforced by Defendants. This First Amendment violation subjects the Plaintiff to irreparable harm.

Lastly, Plaintiff has no other adequate remedy at law. The statutes do not allow Plaintiff to engage out-of-state residents to collect valid signatures on behalf of Wisconsin candidates, and Plaintiff's only option is to seek a judicial remedy, which Plaintiff is doing with this action.

## III.   An injunction is necessary to preserve the status quo.

". . . . [T]he function of a temporary injunction is to maintain the status quo." *Shearer v. Congdon*, 25 Wis. 2d 663, 668, 131 N.W.2d 377 (1964). In *Shearer*, the Court issued a temporary injunction to return the litigants to the status quo as it

- 18 -

**Exhibit A - 048**

existed prior to the Defendants' unlawful conduct. That is, the state of facts that is to be preserved by an injunction is *not* the state of facts on the date the temporary injunction is issued, but rather the state of facts as they existed prior to the unlawful conduct which the injunction is granting relief from.

Here, the status quo is the way it has been in Wisconsin for decades now: nonresidents are allowed to exercise their First Amendment right to participate in signature collection for Wisconsin elections to support and associate with candidates of their choosing.

## IV.   The equities favor an injunction.

Lastly, "competing interests must be reconciled and the plaintiff must satisfy the . . . court that on balance equity favors issuing the injunction." *Pure Milk Prod. Co-op. v. Nat'l Farmers Org.*, 90 Wis. 2d 781, 800, 280 N.W.2d 691 (1979). Here, reviewing the equities weighs heavily in favor of the injunction.

"Implicit in the First Amendment freedoms of speech, assembly, and petition is the freedom to gather together to express ideas—the freedom to associate." *Christian Legal Society v. Walker*, 453 F.3d 853, 861 (7th Cir. 2006) (citing cases). That is exactly what Plaintiff seeks to do: associate with candidates and supporters of its choosing by facilitating the circulation of nomination papers.

Courts have recognized that "[a]ssociating for the purpose of placing a candidate on the ballot is one of the actions protected by the First Amendment; indeed the circulation of petitions for ballot access 'involves the type of interactive communication concerning political change that is appropriately described as 'core political speech'.'" *Krislov,* 226 F. 3d at 858 (quoting *Meyer,* 486 U.S. at 421–22). In

- 19 -

**Exhibit A - 049**

addition, and applying *Krislov*, Judge Crabb wrote in *Frami*—before striking the down Wisconsin's previous residency requirements—that *Krislov* casts serious doubt on the constitutional validity of the Wisconsin [residency requirements] challenged in [that] case." *Frami*, 255 F. Supp. 2d at 967. Furthermore, "[i]t is 'always in the public interest to prevent the violation of a party's constitutional rights.'" *Faust v. Vilsack*, 519 F. Supp. 3d 470, 477 (E.D. Wis. 2021) (quoting *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

A temporary restraining order or an injunction will not cause *any* harm to Defendants. With respect to Defendants, the "government suffers no harm from an injunction that merely ends unconstitutional practices and/or ensures that constitutional standards are implemented." *Doe v. Kelly*, 878 F.3d 710, 718 (9th Cir. 2017); *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004) ("[N]o substantial harm can be shown in the enjoinment of an unconstitutional policy.").

Plaintiff is unable to work with individuals of its choosing to collect signatures in Wisconsin, and Plaintiff's First Amendment rights are being denied. See Jacob Decl. ¶¶ 9–14.

Issuing the temporary relief requested herein would simply preserve the status quo and allow Wisconsin's current signature collection period to operate exactly as previous signature collection periods have operated for the past two decades, harming no one. The balancing of the equities weighs heavily in favor of the injunction.

- 20 -

**Exhibit A - 050**

## RELIEF SOUGHT

For all of the reasons explained above, this Court should grant Plaintiff's motion for a temporary restraining order and a temporary injunction. The factors for granting such relief are clearly met here: indeed, the residency requirements imposed by Act 126 are a direct violation of Plaintiff's First Amendment rights, and because such violations cause irreparable harm and there is no other adequate remedy at law, the balance of equities strongly favors injunctive relief.

As Plaintiff's Complaint makes clear, Plaintiff's lawsuit seeks permanent declaratory and injunctive relief against Act 126. But time is of the essence here because the current window for circulating nomination papers runs from April 15 to June 1. Accordingly, it is imperative that this Court immediately grants a temporary restraining order and a temporary injunction until the merits of the case—though clearly in favor of Plaintiff—can be fully addressed.

## CONCLUSION

Plaintiff respectfully asks this Court to immediately issue an ex parte temporary restraining order, then schedule a hearing within five days, and then extend the temporary restraining order into a temporary injunction for the pendency of this litigation.

[Signature Block on Following Page]

- 21 -

**Exhibit A - 051**

Dated: April 29, 2026.

Respectfully Submitted,

WISCONSIN INSTITUTE FOR LAW & LIBERTY

*Electronically signed by Nathalie E. Burmeister*
Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)
Nathalie E. Burmeister (#1126820)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

lucas@will-law.org
dan@will-law.org
nathalie@will-law.org

*Attorneys for Plaintiff*

- 22 -

**Exhibit A - 052**

FILED
04-29-2026
Clerk of Circuit Court
Waukesha County
2026CV000781

STATE OF WISCONSIN  CIRCUIT COURT     WAUKESHA COUNTY

AMERICANS FOR CITIZEN VOTING
PAC
11166 Fairfax Boulevard
Suite 500, #1023
Fairfax, VA 22030

Plaintiff,

v.

MEAGAN WOLFE, in her official
capacity as Administrator of the
Wisconsin Elections Commission, and
ANN S. JACOBS, MARK L. THOMSEN,
CARRIE RIEPL, DON M. MILLIS,
ROBERT F. SPINDELL, JR., and
MARGE BOSTELMANN, in their official
capacities as Commissioners of the
Wisconsin Elections Commission,
201 West Washington Avenue, 2nd Floor
Madison, Wisconsin 53707

Defendants.

Case Type: Declaratory Judgment
Case Code: 30701
Case No. 26-CV-___

---

## DECLARATION OF PAUL JACOB

---

I, Paul Jacob, Chairman of Americans for Citizen Voting PAC, the Plaintiff in this action, make this declaration related to Plaintiff's motion for a temporary restraining order and temporary injunction:

1.    I am the Chairman of Plaintiff Americans for Citizen Voting PAC ("ACV PAC"), and I make these declarations based upon my personal knowledge.

2.    In my role I oversee all aspects of ACV PAC.

- 1 -

Exhibit A - 053

3.    ACV PAC is a federal political action committee registered with the Federal Elections Commission as a Hybrid PAC since December 27, 2023.

4.    ACV PAC maintains its principal place of business in Fairfax, Virginia.

5.    ACV PAC does not accept corporate contributions into its contribution account and is eligible to support candidates for state and federal office in the State of Wisconsin.

6.    ACV PAC's core mission is to promote election integrity by advocating for policies that ensure only United States citizens can vote in American elections. This mission includes supporting candidates throughout the country who advance these goals.

7.    One way ACV PAC seeks to advance its mission is to engage in independent expenditures to support candidates who are aligned with ACV PAC's goals. This activity is advanced through its non-contribution account.

8.    Gathering nomination signatures for candidates for public office is another way in which ACV PAC advances its mission and supports those candidates.

9.    ACV PAC seeks to make expenditures to hire individuals to help collect nomination signatures for candidates for public office in the State of Wisconsin.

10.   ACV PAC seeks to advance its mission by helping candidates for public office that it supports in the State of Wisconsin gather nomination signatures during the current signature gathering period which opened on April 15, 2026 and ends on June 1, 2026.

- 2 -

**Exhibit A - 054**

11.     Because of the changes to Wisconsin law implemented by 2025 Wisconsin Act 126 ("Act 126"), ACV PAC is now required to engage with only Wisconsin electors in collecting nomination signatures and is prohibited from working with out-of-state residents to gather nomination signatures for candidates, significantly limiting the pool of individuals and firms ACV PAC is permitted to work with to advance its mission.

12.     The residency and registration requirements imposed by Act 126 impede ACV's ability to communicate its political messages by limiting its ability to support candidates of its choosing, including by limiting who ACV PAC may associate with to advance its goals.

13.     As a result, Act 126 directly harms ACV PAC's ability to advance its political beliefs, and to associate with candidates and supporters of its choosing.

14.     In furtherance of its mission and in anticipation of the possibility of a favorable decision in this case, ACV PAC has entered into a Petition Agreement with DRW Campaigns, Inc. to engage in signature gathering on nominating petitions in support of Wisconsin state candidates. DRW Campaigns, Inc. is based in Michigan and regularly hires petition circulators from around the country who are not qualified electors in Wisconsin. The petition services to be provided by DRW Campaigns under the Petition Agreement are contingent upon the issuance of a temporary or permanent injunction enjoining Act 126.

- 3 -

**Exhibit A - 055**

I declare under penalty of false swearing under the law of Wisconsin that the foregoing is true and correct. Signed on the 28th day of April, 2026, at North Little Rock, Arkansas.

Printed Name: Paul Jacob

Signature:

DocuSigned by:

*Paul Jacob*

0A7B9CFD8405471...

- 4 -

**Exhibit A - 056**

Jorge M.
PROCESS SERVER

4/29/26        12:40pm
DATE    /    TIME

**Exhibit A - 057**