

May 11, 2026

**VIA E-FILING**

The Honorable Lynn Adelman
United States Courthouse Room 364
517 East Wisconsin Avenue
Milwaukee, WI 53202

**Re:** *Americans for Citizen Voting PAC v. Wolfe, et al.*, **No. 2:26-cv-786 (E.D. Wis.)**

Dear Judge Adelman,

The Wisconsin State Legislature filed a letter dated May 8, 2026 (Dkt. 13), which merits two brief points in response from Plaintiff.

First, the Legislature has not moved to intervene, and Plaintiff will oppose such a motion if filed. The Legislature is adequately represented by Defendants, who are asserting the same arguments to protect the same interests. *See* Fed. R. Civ. P. 24(a)(2).

Second, the Legislature raised a novel argument similarly raised by Defendants (Dkt. 14) that this Court is "prohibit[ed]" from acting because of *Purcell v. Gonzalez*, 549 U.S. 1 (2006). *See* Dkt. 13 at 1. While Plaintiff agrees that "federal courts should ordinarily not alter the election rules on the eve of an election," *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020), we are aware of no case that has extended *Purcell* to prohibit a lower court from protecting core political speech. Here, the new law—Act 126—infringes on Plaintiff's right to circulate nomination papers for signatures. As the Supreme Court recognized decades ago, "the circulation of a petition involves the type of interactive communication concerning political change that is appropriately described as 'core political speech.'" *Meyer v. Grant*, 486 U.S. 414, 421–22 (1988) (striking down a ban on paid petition circulators); *see Buckley v. Am. Const. L. Found., Inc.*, 525 U.S. 182, 191, 205 (1999) (striking down voter registration requirements for petition circulators, among other restrictions). Neither the Legislature nor Defendants can hide behind *Purcell* after they violate the First Amendment. If *Purcell* is an escape hatch here, then the Legislature could do all kinds of things that infringe upon constitutional rights: for example, ban Democrats from circulating nomination papers and claim that an injunction would be "too close to the election." No one would accept such an absurd argument, which would clearly promote election-year gamesmanship.

Anti-speech laws are not the category of laws impacted by *Purcell*; otherwise, the Legislature would be free to tilt elections with last-minute regulations restricting all

manner of election spending, advertising, signage, and even door-to-door advocacy. *See Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366, 368 (9th Cir. 2016) (explaining that *Purcell* is focused on election "processes or machinery," which "have any effect on voters themselves, on the conduct of elections at the polls, [and] the counting of ballots."); *Am. Encore v. Fontes*, 152 F.4th 1097, 1121 (9th Cir. 2025) (citations omitted) ("the Speech Provision regulates the type of speech and conduct that individuals may engage in around voting places," which is "unlike the circumstances involved in *Purcell*" because they do not "involve any change at all to the actual election process."). Accordingly, *Purcell* does not bar the relief Plaintiff seeks here in any way.

For the remaining arguments, Plaintiff relies on its principal brief, along with the decisions of the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Tenth Circuits that invalidated similar laws, *see* Dkt. 6-1 at 16–17 (collecting cases), and the precedents of *Meyer* and *Buckley*, cited above. If the Legislature is truly concerned about fraud from out-of-state residents, then Wisconsin "retains an arsenal of safeguards." *See Buckley*, 525 U.S. at 191, 205 (citing age restrictions, time limits, affidavit requirements, forgery laws, circulation regulations, and financial disclosures as alternatives to bans impacting speech). Violating the First Amendment, though, is not the answer.

Finally, due to the urgent nature of this matter, Plaintiff respectfully asks this Court to act as expeditiously as possible and to grant a Temporary Restraining Order. Any outstanding issues can be addressed through further briefing on Plaintiff's Motion for a Temporary Injunction while an in-force Temporary Restraining Order prevents further irreparable harm.

Sincerely,
WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*/s/ Daniel P. Lennington*
Daniel P. Lennington
Lucas T. Vebber
Nathalie E. Burmeister

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455
dan@will-law.org
lucas@will-law.org
nathalie@will-law.org

*Attorneys for Plaintiff*