AMERICANS FOR CITIZEN VOTING PAC,

      *Plaintiff,*

    v.

MEAGAN WOLFE, ANN S. JACOBS, MARK L. THOMSEN, CARRIE RIEPL, DON M. MILLIS, ROBERT F. SPINDELL, JR., *and,* MARGE BOSTELMANN, *in their official capacities as Wisconsin Elections Commissioners,*

      *Defendants.*

Case No. 2:26-cv-786

## PROPOSED INTERVENOR-DEFENDANT THE WISCONSIN STATE LEGISLATURE'S PROPOSED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Proposed-Intervenor-Defendant the Wisconsin State Legislature ("Legislature"), by its undersigned attorneys at Troutman Pepper Locke LLP, hereby provides its Answer And Affirmative Defenses To Plaintiffs' Complaint, Dkt.1-1, as follows:

### NATURE OF THE ACTION

1. Paragraph 1 sets forth legal conclusions for which no response is required. Paragraph 1 also references a federal constitutional amendment and Wisconsin Act that speak for themselves. The Legislature denies the allegations in Paragraph 1 to the extent they are inconsistent with these sources.

2. Paragraph 2 sets forth legal conclusions for which no response is required. Paragraph 2 also references a Wisconsin Act that speaks for itself. The Legislature denies the allegations in Paragraph 2 to the extent they are inconsistent with this source.

3. Paragraph 3 sets forth legal conclusions for which no response is required. Paragraph 3 also references a Wisconsin Act that speaks for itself. The Legislature denies the allegations in Paragraph 3 to the extent they are inconsistent with this source.

4. Paragraph 4 sets forth legal conclusions for which no response is required. Paragraph 4 also references a judicial opinion that speaks for itself. The Legislature denies the allegations in Paragraph 4 to the extent they are inconsistent with this source. In particular, the Legislature denies that "similar residency requirements" were at issue in the judicial opinion.

5. Paragraph 5 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 5, and denies that a previous Wisconsin law "impose[d] similar residency requirements." Paragraph 5 also references provisions of a judicial opinion that speaks for itself. The Legislature denies the allegations in Paragraph 5 to the extent they are inconsistent with this source.

6. The Legislature admits that Governor Tony Evers signed Act 126 into law on March 27, 2026. The Legislature denies any further implication drawn by Paragraph 6's usage of "[n]evertheless."

7.      Paragraph 7 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 7.

## PARTIES

8.      The Legislature lacks knowledge or information to form a belief about the allegations in Paragraph 8, and therefore denies them.

9.      The Legislature lacks knowledge or information to form a belief about the allegations in Paragraph 9, and therefore denies them.

10.      The Legislature lacks knowledge or information to form a belief about the allegations in Paragraph 10, and therefore denies them.

11.      The Legislature lacks knowledge or information to form a belief about the allegations in Paragraph 11, and therefore denies them.

12.      The Legislature lacks knowledge or information to form a belief about the allegations in Paragraph 12, and therefore denies them.

13.      The Legislature lacks knowledge or information to form a belief about the allegations in Paragraph 13, and therefore denies them.

14.      Paragraph 14 sets forth legal conclusions for which no response is required.  The Legislature otherwise lacks knowledge or information to form a belief about the allegations in Paragraph 14, and therefore denies them.  In particular, the Legislature denies that Plaintiff is "prohibited" from collecting nomination signatures.

15.      Admitted.

16. Admitted.

## JURISDICTION AND VENUE

17. Paragraph 17 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 17 to the extent they are inconsistent with the Wisconsin Statutes cited in Paragraph 17.

18. Paragraph 18 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 18 to the extent they are inconsistent with the Wisconsin Statutes cited in Paragraph 18.

## BACKGROUND

19. Paragraph 19 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 19.

20. Paragraph 20 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 20. This paragraph cites 2005 Wisconsin Act 451 and 2025 Wisconsin Act 126, which speak for themselves. The Legislature denies the allegations in Paragraph 20 to the extent they are inconsistent with those sources.

21. Paragraph 21 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 21. The allegations in this paragraph cite a Wisconsin Act, which speaks for itself. The

Legislature denies the allegations in Paragraph 21 to the extent they are inconsistent with the cited legal source.

22. Paragraph 22 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 22. The allegations in this paragraph cite a Wisconsin Act and statute, which speak for themselves. The Legislature denies the allegations in Paragraph 22 to the extent they are inconsistent with the cited legal sources.

23. Paragraph 23 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 23. The allegations in this paragraph cite a Wisconsin Act, which speaks for itself. The Legislature denies the allegations in Paragraph 23 to the extent they are inconsistent with the cited legal source.

24. Paragraph 24 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 24. The allegations in this paragraph cite a Wisconsin Statute, which speaks for itself. The Legislature denies the allegations in Paragraph 24 to the extent they are inconsistent with the cited legal source.

25. Paragraph 25 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 25.

26. Paragraph 26 is a legal conclusion that requires no response; but if a response is required, the Legislature denies the allegations in Paragraph 26. The allegations in this paragraph cite a Wisconsin Statute and a judicial opinion, which

speak for themselves. The Legislature denies the allegations in Paragraph 26 to the extent they are inconsistent with the cited legal sources.

27. Paragraph 27 sets forth legal conclusions for which no response is required; but if a response is required, the Legislature denies the allegations in Paragraph 27. This paragraph also cites 2005 Wisconsin Act 451 and 2025 Wisconsin Act 126, which speak for themselves. The Legislature denies the allegations in Paragraph 27 to the extent they are inconsistent with the cited legal sources.

28. Paragraph 28 cites a Wisconsin Elections Commission Nomination Paper for Partisan Office, which speaks for itself. The Legislature denies the allegations in Paragraph 28 to the extent they are inconsistent with this cited source.

29. Paragraph 29 cites a Wisconsin Elections Commission communication, which speaks for itself. The Legislature denies the allegations in Paragraph 29 to the extent they are inconsistent with this cited source.

30. The Legislature admits that nomination papers began to be circulated on April 15, 2026, pursuant to Wis. Stat. § 8.15(1).

31. Paragraph 31 cites a Wisconsin Elections Commission "X.com" post, which speaks for itself. The Legislature denies the allegations in Paragraph 31 to the extent they are inconsistent with this cited source.

32. Paragraph 32 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 32. This paragraph also cites a Wisconsin Act, which speaks for itself. The Legislature denies the allegations in Paragraph 32 to the extent they are

- 6 -

inconsistent with that source. Specifically, the Legislature denies that Act 126 "directly restricts the First Amendment protected activities of the Plaintiff."

33. Paragraph 33 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 33. This paragraph also cites a Wisconsin Act, which speaks for itself. The Legislature denies the allegations in Paragraph 33 to the extent they are inconsistent with these sources. The Legislature otherwise lacks knowledge or information to form a belief about the allegations in Paragraph 33, and therefore denies them.

34. Paragraph 34 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 34. The Legislature otherwise lacks knowledge or information to form a belief about the allegations in Paragraph 34, and therefore denies them.

35. Paragraph 35 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 35. The Legislature otherwise lacks knowledge or information to form a belief about the allegations in Paragraph 35, and therefore denies them.

36. Paragraph 36 sets forth legal conclusions for which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 36. Paragraph 36 also cites a Wisconsin Act, which speaks for itself. The Legislature denies the allegations in Paragraph 36 to the extent they are inconsistent

with that source. Specifically, the Legislature denies that "Act 126 severely burdens Plaintiff's First Amendment rights."

## CAUSES OF ACTION

### CLAIM I: VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS, 42 U.S.C. § 1983

37.     In response to Paragraph 37, the Legislature realleges and incorporates by reference all prior paragraphs of this Answer and the paragraphs in the counts below as though fully set forth herein.

38.     Denied.

39.     Denied.

40.     Paragraph 40 consists of legal conclusions to which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 40. Paragraph 40 also references a judicial opinion, which speaks for itself. The Legislature denies the allegations in Paragraph 40 to the extent they are inconsistent with that source.

41.     Paragraph 41 consists of legal conclusions to which no response is required; however, if a response is required, the Legislature denies the allegations. Paragraph 41 also references a judicial opinion, which speaks for itself. The Legislature denies the allegations in Paragraph 41 to the extent they are inconsistent with that source.

42.     The Legislature admits that Defendants have enforced and will continue to enforce Act 126, but denies all remaining allegations in Paragraph 42, including that Act 126 violates the First Amendment.

43. Paragraph 43 consists of legal conclusions to which no response is required; however, if a response is required, the Legislature denies the allegations in Paragraph 43. Paragraph 43 also references a judicial opinion, which speaks for itself. The Legislature denies the allegations in Paragraph 43 to the extent they are inconsistent with that source.

## PRAYER FOR RELIEF

The Legislature denies that Plaintiff is entitled to any of the relief that it claims on pages 8 and 9 of its Complaint. The Legislature also denies any allegations not otherwise answered in the prior Paragraphs, including any allegations in headings and footnotes, to the extent such denials are consistent with the Legislature's prior answers.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to any relief during the nomination cycle ending June 1, 2026, under the doctrine of *Purcell v. Gonzalez*, 549 U.S. 1 (2006).

2. The allegations in the Complaint fail to state a claim upon which relief may be granted.

3. The Legislature reserves the right to assert any further defenses that may become evident during the pendency of this matter.

WHEREFORE, the Legislature demands judgment in its favor and against Plaintiffs, dismissing Plaintiff's Complaint, as well as ordering such other and further relief as this Court deems appropriate under the circumstances.

Dated: May 13, 2026.

Respectfully submitted,

*/s/Misha Tseytlin*
MISHA TSEYTLIN
*Counsel of Record*
KEVIN M. LEROY
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive, Suite 4100
Chicago, Illinois 60606
(608) 999-1240 (MT)
(312) 759-1938 (KL)
(312) 443-0336 (fax)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com

*Attorneys for the Wisconsin State Legislature*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2026, a true and accurate copy of

the foregoing was served via the Court's CM/ECF system upon all counsel of record.


*/s/Misha Tseytlin*
MISHA TSEYTLIN