# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMERICANS FOR CITIZEN VOTING PAC,

    Plaintiff,

v.

Case No. 2:26-cv-786

MEAGAN WOLFE, et al.,

    Defendants.

## PLAINTIFF'S RESPONSE TO THE WISCONSIN STATE LEGISLATURE'S MOTION TO INTERVENE

Plaintiff Americans for Citizen Voting PAC ("ACV PAC"), by its undersigned attorneys at the Wisconsin Institute for Law & Liberty, pursuant to the Court's scheduling order (Dkt. 23), hereby files this response to the Wisconsin State Legislature's motion to intervene in this action.

## INTRODUCTION

Plaintiff objects to the Legislature's mischaracterization of *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022) in its intervention memorandum, but otherwise takes no position on whether the Legislature's request for intervention of right or, alternatively, for permissive intervention is warranted under Fed. R. Civ. P. 24(a) & (b).

## ARGUMENT

I.   ***Berger* does not give the Legislature a per se right to intervene in federal actions challenging state law.**

Intervention of right under Fed. R. Civ. P. 24(a)(2) requires a moving party to demonstrate that the existing Defendants do not adequately represent their interests. *E.g. Driftless Area Land Conservancy v. Huebsch*, 969 F. 3d 742, 746–48 (7th Cir. 2020). The Legislature argues, in part, that *Berger* is dispositive on that question. Dkt. 20:18–19. That is incorrect.

*Berger* did not create a per se rule that any state legislature statutorily authorized to defend state law is automatically entitled to intervene as of right in every federal challenge to state law. In *Berger*, the Court held only that federal courts should not apply a *presumption* of adequacy when state law authorizes multiple entities to represent the State's interests in a matter. *Berger*, 597 U.S. at 197–98. The Supreme Court still required a concrete showing of inadequacy based upon the specific facts of that case: there, the Attorney General's office was primarily interested in clarifying (rather than preserving) the law, the existing defendants had expressed reservations about the law's validity, and the defense had been relatively lax. *Id*. at 198–99; *see also Liebert v. Wisconsin Elections Commission*, 345 F.R.D. 169, 172 (W.D. Wis. 2023) ("*Berger* is not dispositive because the Court did not set forth its own standard for determining whether one state entity adequately represents the interest of another state entity when state law authorizes both to represent the state.").

Moreover, in *Berger*, the Court explained that the appointees on the Defendant commission were all gubernatorial appointees, and the Court noted that the Governor, who opposed the act (and vetoed it, but that veto was overridden) was the appointing authority for those defendant board members—so there was a real conflict there warranting a finding that the Legislature's interests were not adequately represented. *Berger* at 198. The same is simply not true here. The existing Defendants, represented by the Wisconsin Attorney General, have already filed a vigorous opposition to Plaintiff's motion for a temporary restraining order. Dkt. 14. There is no evidence that WEC will fail to mount a full defense of the challenged law.

Further, unlike the commission appointees in *Berger*, here the Legislature is effectively in control of the members of WEC. Under Wis. Stat. § 15.61, four of the six WEC commissioners are appointed *directly* by legislative leaders from the two major political parties. And while the Governor does get to appoint two of the commissioners, even then the Governor must select from a list of three names submitted by the legislative leaders for each of those two positions. So, in practical effect, all six members of WEC are legislative appointees. This structure ensures that the commission reflects the Legislature's own bipartisan composition and institutional priorities. Lastly, the remaining defendant, WEC Administrator Meagan Wolfe, is herself appointed by those same WEC commissioners and then confirmed by the Wisconsin State Senate. Wis. Stat. § 15.16(1)(b)1.

For these reasons, Plaintiff takes issue with the Legislature's mischaracterization of *Berger*, and *Berger* alone does not answer whether the

Legislature is entitled to intervene on the adequacy of existing representation component.

**II.  Plaintiff takes no position on the motion to intervene.**

That said, the Plaintiff takes no position on the Legislature's motion to intervene of right or its alternative motion to intervene permissively. If this Court concludes the Legislature has satisfied the requirements for intervention of right or, alternatively, believes permissive intervention would facilitate a fuller presentment of the issues, Plaintiff does not object.

**CONCLUSION**

For the foregoing reasons, Plaintiff objects to the Legislature's mischaracterization of *Berger*, but otherwise takes no position on the Legislature's motion to intervene both of right and permissively.

Dated: June 4, 2026.

Respectfully Submitted,

> WISCONSIN INSTITUTE
> FOR LAW & LIBERTY
>
> *Electronically signed by*
> *Nathalie E. Burmeister*
> _____
>
> Lucas T. Vebber (#1067543)
> Daniel P. Lennington (#1088694)
> Nathalie E. Burmeister (#1126820)
>
> 1241 N. Franklin Place
> Milwaukee, WI 53202
> Phone: (414) 727-9455
>
> lucas@will-law.org
> dan@will-law.org
> nathalie@will-law.org
>
> *Attorneys for Plaintiff*