IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

AMERICANS FOR CITIZEN VOTING PAC,

      Plaintiff,

    v.
                                    Case No. 26-CV-0786

MEAGAN WOLFE, et al,

      Defendants.

## ANSWER

Defendants, Meagan Wolfe, in her official capacity as Administrator of the Wisconsin Elections Commission, and Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Marge Bostelmann, and Robert F. Spindell, Jr., in their official capacities as Commissioners of the Wisconsin Elections Commission, by and through their attorneys, hereby submit the following answer to Plaintiff's complaint.

## INTRODUCTION

1. Responding to paragraph 1 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

2. Responding to paragraph 2 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is

required. Paragraph 2 cites 2025 Wisconsin Act 126 ("Act 126") and multiple Wisconsin statutes, which statutes speak for themselves. Defendants DENY any allegations to the extent they are inconsistent with those statutes. To the extent a response is required, Defendants DENY.

3. Responding to paragraph 3 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 3 cites Act 126, which speaks for itself. Defendants DENY any allegations to the extent they are inconsistent with Act 126. To the extent a response is required, Defendants DENY.

4. Responding to paragraph 4 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. To the extent further response is required, Defendants DENY.

5. Responding to paragraph 5 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 5 also cites to caselaw, which case speaks for itself. Defendants DENY any allegations to the extent they are inconsistent with that case. To the extent further response is required, Defendants DENY.

6. Responding to paragraph 6 of the complaint, Defendants ADMIT that Act 126 was enacted on March 27, 2026. Insofar as further response is required, Defendants DENY.

7. Responding to paragraph 7 of the complaint, Defendants DENY.

2

## PARTIES

8. Responding to paragraph 8 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Responding to paragraph 9 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Responding to paragraph 10 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Responding to paragraph 11 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Responding to paragraph 12 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Responding to paragraph 13 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

3

14. Responding to paragraph 14 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Responding to paragraph 15 of the complaint, Defendants ADMIT.

16. Responding to paragraph 16 of the complaint, Defendants ADMIT that Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann are each Commissioners of the Wisconsin Elections Commission and have been sued in their official capacities. Defendants further ADMIT that the Wisconsin Elections Commission is charged with implementing Wisconsin's election statutes and supporting Wisconsin's municipal and county clerks. Insofar as further response is required, Defendants otherwise DENY.

## JURISDICTION AND VENUE

17. Responding to paragraph 17 of the complaint, Defendants ADMIT that Plaintiff's complaint seeks declaratory and injunctive relief. Defendants affirmatively state that the United States District Court for the Eastern District of Wisconsin has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal constitutional claim. Insofar as further response is required, Defendants DENY.

18. Responding to paragraph 18 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is

4

required. Defendants affirmatively state that Defendants have removed the action to this district, as the action here was commenced in a Wisconsin circuit court (Waukesha County Circuit Court).

## BACKGROUND

19. Responding to paragraph 19 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required.

20. Responding to paragraph 20 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required.

21. Responding to paragraph 21 of the complaint, Defendants ADMIT that Act 126 was enacted on March 27, 2026, and published on March 28, 2026. Paragraph 21 cites Act 126, which act speaks for itself. Defendants DENY any remaining allegations to the extent they are inconsistent with Act 126. Insofar as further response is required, Defendants DENY.

22. Responding to paragraph 22 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 22 cites Act 126 and Wisconsin statute, which provisions speak for themselves. Defendants DENY any allegations to the extent they are inconsistent with those provisions. To the extent further response is required, Defendants DENY.

23. Responding to paragraph 23 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 23 cites Act 126, which act speaks for itself. Defendants DENY any allegations to the extent it is inconsistent with the act. To the extent further response is required, Defendants DENY.

24. Responding to paragraph 24 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 24 cites a Wisconsin statute, which provisions speaks for itself. Defendants DENY any allegations to the extent they are inconsistent with that provision. To the extent further response is required, Defendants DENY.

25. Responding to paragraph 25 of the complaint, Defendants ADMIT that the 2001 version of Wis. Stat. § 8.15(4)(a), cited in paragraph 25 of the complaint, addressed circulator residency requirements. That statute speaks for itself and Defendants DENY any allegations to the extent they are inconsistent with that statutory language. The allegations otherwise contained therein constitute only legal conclusions to which no response is required. Insofar as any further response is required, Defendants DENY.

26. Responding to paragraph 26 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 26 cites caselaw and a Wisconsin statute, which citations

speak for themselves. Defendants DENY any allegations to the extent they are inconsistent with those citations. To the extent further response is required, Defendants DENY.

27. Responding to paragraph 27 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 27 cites caselaw and Wisconsin acts, which citations speak for themselves. Defendants DENY any allegations to the extent they are inconsistent with those citations. To the extent further response is required, Defendants DENY.

28. Responding to paragraph 28 of the complaint, Defendants ADMIT that after Act 126 was enacted, the Wisconsin Elections Commission (the "Commission") updated its "Nomination Paper for Partisan Office" template and that the update added the language included "I am a qualified elector of Wisconsin" to the "Certification of Circulator." Defendants DENY that the quoted language fully summarizes the template. Defendants ADMIT that Exhibit 1 to Plaintiff's complaint is a true and correct copy of that template and AFFIRMATIVELY ALLEGE that Exhibit 1 speaks for itself.

29. Responding to paragraph 29 of the complaint, Defendants ADMIT that after Act 126 was enacted, the Commission sent a "communication" to "Wisconsin Candidates and Political Parties" and that the communication stated that, under Act 126, "Any person who is circulating nomination papers

7

for the 2026 Fall Election cycle must reside in Wisconsin and must be qualified to vote in Wisconsin." Defendants DENY that the quoted language fully summarizes the communication. Defendants ADMIT that Exhibit 2 to Plaintiff's complaint is a true and correct copy of that communication and AFFIRMATIVELY ALLEGE that Exhibit 2 speaks for itself.

30. Responding to paragraph 30 of the complaint, Defendants ADMIT that the signature process for nomination papers for the 2026 general election began on April 15, 2026.

31. Responding to paragraph 31 of the complaint, Defendants ADMIT that on April 15, 2026the Commission posted on its X.com social media account (@WI_Elections): "It's go time!" "Candidates can begin circulating nomination papers today for the Aug. 11 election! FYI: Under a new law, circulators must live in WI & be qualified to vote in the state." Defendants DENY that the quoted language fully summarizes the post. Defendants ADMIT that Exhibit 3 to Plaintiff's complaint is a true and correct copy of that post and AFFIRMATIVELY ALLEGE that Exhibit 3 speaks for itself.

32. Responding to paragraph 32 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

33. Responding to paragraph 33 of the complaint, Defendants DENY.

34. Responding to paragraph 34 of the complaint, the allegations contained constitute only legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

35. Responding to paragraph 35 of the complaint, Defendants DENY.

36. Responding to paragraph 36 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

## CAUSES OF ACTION

### CLAIM ONE: VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS, 42 U.S.C. § 1983

37. Responding to paragraph 37 of the complaint, Defendants reincorporate their responses made in the preceding paragraphs.

38. Responding to paragraph 38 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

39. Responding to paragraph 39 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

40. Responding to paragraph 40 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 40 cites caselaw, which case speaks for itself. Defendants

9

DENY any allegations to the extent they are inconsistent with that case. To the extent further response is required, Defendants DENY.

41. Responding to paragraph 41 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 41 cites caselaw, which case speaks for itself. Defendants DENY any allegations to the extent they are inconsistent with that case. To the extent further response is required, Defendants DENY.

42. Responding to paragraph 42 of the complaint, Defendants ADMIT that the Commission is statutorily charged with implementing Wisconsin's election statutes, including the provisions of Act 126. Defendants otherwise state that the allegations contained in paragraph 42 constitute legal conclusions to which no response is required. Paragraph 42 also cites 42 U.S.C. § 1983, which provision speaks for itself. Defendants DENY any allegations to the extent they are inconsistent with that provision and, insofar as any further response is required, Defendants DENY.

43. Responding to paragraph 43 of the complaint, the allegations contained therein constitute only legal conclusions to which no response is required. Paragraph 43 cites caselaw, which case speaks for itself. Defendants DENY any allegations to the extent they are inconsistent with that case. To the extent further response is required, Defendants DENY.

## REQUESTS FOR RELIEF

As to the request for relief and subparagraphs (a)–(c), Defendants DENY that Plaintiff is entitled to any relief. Defendants state that this Court has denied Plaintiff's motion for a temporary restraining order and that Plaintiff has withdrawn its motion for a preliminary injunction.

## AFFIRMATIVE DEFENSES

1.	Plaintiffs lack standing on one or more claims.

2.	Defendants reserve the right to name additional defenses as they may become known through further discovery or otherwise in this action.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, dismissing the complaint with prejudice, awarding Defendants their costs and attorneys fees, as allowed by law, and any other such relief as the court deems just and equitable.

Dated this 28th day of July 2026.

> Respectfully submitted,
>
> JOSHUA L. KAUL
> Attorney General of Wisconsin
>
> s/ Charlotte Gibson
> CHARLOTTE GIBSON
> Assistant Attorney General
> State Bar #1038845
>
> HANNAH S. JURSS
> Assistant Attorney General
> State Bar #1081221
>
> Attorneys for Defendants

11

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 957-5218 (Gibson)
(608) 266-8101 (Jurss)
(608) 294-2907 (Fax)
charlie.gibson@wisdoj.gov
hannah.jurss@wisdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on July 28, 2026, I electronically filed the foregoing Answer with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 28th day of July 2026.

<u>s/ Charlotte Gibson</u>
CHARLOTTE GIBSON
Assistant Attorney General

13