# United States District Court
# Eastern District of Wisconsin (Milwaukee)
# CIVIL DOCKET FOR CASE #: 2:26–cv–00786–LA

| | |
|---|---|
| Americans for Citizen Voting PAC v. Wolfe et al | Date Filed: 05/04/2026 |
| Assigned to: Judge Lynn Adelman | Jury Demand: None |
| Case in other court:  Waukesha County Circuit Court, 26–CV–0781 | Nature of Suit: 950 Constitutional – State Statute |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Americans for Citizen Voting PAC**          represented by     **Daniel P Lennington**
Wisconsin Institute for Law & Liberty
1241 N Franklin Pl
53202
Milwaukee, WI 53202
608–572–5358
Email: dan@will–law.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lucas Vebber**
Wisconsin Institute for Law & Liberty
1241 N Franklin Pl
Milwaukee, WI 53202
414–727–9455
Email: lucas@will–law.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathalie E Burmeister**
Wisconsin Institute for Law & Liberty Inc
330 E Kilbourn Ave – Ste 725
Milwaukee, WI 53202
414–727–9455
Email: nathalie@will–law.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Meagan Wolfe**          represented by     **Charlotte Gibson**
Wisconsin Department of Justice
17 W Main St
PO Box 7857
Madison, WI 53707

608−957−5218
Email: gibsoncj@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Hannah S Jurss**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−8101
Email: jursshs@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ann S Jacobs**    represented by    **Charlotte Gibson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah S Jurss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark L Thomsen**    represented by    **Charlotte Gibson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah S Jurss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carrie Riepl**    represented by    **Charlotte Gibson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah S Jurss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Don M Millis**    represented by    **Charlotte Gibson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah S Jurss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert F Spindell, Jr**　　　　　　　　represented by　**Charlotte Gibson**
　　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　　**Hannah S Jurss**
　　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**Marge Bostelmann**　　　　　　　　　represented by　**Charlotte Gibson**
　　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　　**Hannah S Jurss**
　　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Movant**

**The Wisconsin State Legislature**　　　represented by　**Kevin M LeRoy**
*TERMINATED: 07/14/2026*　　　　　　　　　　　　　　Troutman Pepper Locke LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　111 S Wacker Dr – Ste 4100
　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　　　　　312–759–1938
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 312–759–1939
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: Kevin.LeRoy@troutman.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　　**Misha Tseytlin**
　　　　　　　　　　　　　　　　　　　　　　　　　　Troutman Pepper Locke LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　111 South Wacker Dr – Ste 4100
　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　　　　　312–759–5947
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 312–759–1939
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: Misha.tseytlin@troutman.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2026 | 1 | NOTICE OF REMOVAL by Don M. Millis, Ann S. Jacobs, Robert F. Spindell, Jr, Meagan Wolfe, Marge Bostelmann, Mark L. Thomsen, Carrie Riepl from Waukesha County Circuit Court, Case Number: 26–CV–0781 with attached state court documents. (Filing Fee PAID $405 receipt number AWIEDC–5236731) (Attachments: # 1 Exhibit A – Summons and Complaint, # 2 Civil Cover Sheet)(Jurss, Hannah) |
| 05/04/2026 | | NOTICE Regarding assignment of this matter to Magistrate Judge Stephen C Dries; Consent/refusal forms for Magistrate Judge Dries to be filed within 21 days; the consent/refusal form is available here. Pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (lmu) |

| 05/04/2026 | 2 | NOTICE of Appearance by Nathalie E Burmeister on behalf of Americans for Citizen Voting PAC. Attorney(s) appearing: Nathalie E. Burmeister (Burmeister, Nathalie) |
|---|---|---|
| 05/04/2026 | 3 | FILED IN ERROR; SEE DOC 4 ~~Magistrate Judge Jurisdiction Form filed by Americans for Citizen Voting PAC. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Burmeister, Nathalie)~~ Modified on 5/5/2026 (kah). |
| 05/04/2026 | 4 | Magistrate Judge Jurisdiction Form filed by Americans for Citizen Voting PAC. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Burmeister, Nathalie) |
| 05/04/2026 | 5 | DISCLOSURE Statement by Americans for Citizen Voting PAC. (Burmeister, Nathalie) |
| 05/04/2026 | 6 | Emergency MOTION for Temporary Restraining Order *AND*, ~~MOTION for Preliminary Injunction~~ (Motion Withdrawn pursuant to ECF 22 ) by Americans for Citizen Voting PAC. (Attachments: # 1 Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, # 2 Proposed Order Granting Temporary Restraining Order, # 3 Motion for Preliminary Injunction, # 4 Proposed Order Granting Preliminary Injunction, # 5 Declaration of Paul Jacob)(Burmeister, Nathalie) Modified on 5/15/2026 (nf). |
| 05/05/2026 | | Case Opening Modification(s); The following modification(s) have been made to your case entry: The county code has been modified – please remember to choose the county for the first named plaintiff. One or more party names have been modified to remove punctuation – please remember to follow the Party Name Guidelines found on our website. Also, all of the documents that were attached to 6 Emergency MOTION for Temporary Restraining Order *AND* MOTION for Preliminary Injunction should have been filed as separate entries. These documents do NOT need to be re–filed; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov and the attorney case opening instructions, the summons instructions and the party name guidelines found in the user manual for further guidance. (kah) |
| 05/05/2026 | | Due to 6 Emergency Motion for TRO and Preliminary Injunction, case reassigned to Chief Judge Pamela Pepper. Magistrate Judge Stephen C Dries no longer assigned to the case. (kah) |
| 05/06/2026 | 7 | ORDER OF RECUSAL signed by Chief Judge Pamela Pepper on 5/6/2026. Chief Judge Pamela Pepper recused. Case reassigned to Judge Lynn Adelman for all further proceedings. (cc: all counsel)(cb) |
| 05/06/2026 | 8 | TEXT ONLY ORDER signed by Judge Lynn Adelman on 5/6/2026. The Court ORDERS that Defendants respond to Plaintiff's emergency motion for a temporary restraining order, ECF No. 6 , on or by the end of the day, May 8, 2026. (cc: all counsel) (leh) |
| 05/06/2026 | 9 | NOTICE of Appearance by Daniel P Lennington on behalf of Americans for Citizen Voting PAC. Attorney(s) appearing: Daniel P. Lennington (Lennington, Daniel) |
| 05/06/2026 | 10 | NOTICE of Appearance by Lucas Vebber on behalf of Americans for Citizen Voting PAC. Attorney(s) appearing: Lucas T. Vebber (Vebber, Lucas) |
| 05/07/2026 | 11 | NOTICE of Appearance by Charlotte Gibson on behalf of All Defendants. Attorney(s) appearing: Charlotte Gibson (Gibson, Charlotte) |

| | | |
|---|---|---|
| 05/08/2026 | | NOTICE to Charlotte Gibson: The contact information on your most recent filing does not match your Central Sign–On account. Please refer to <u>Maintain Your CSO Account</u> for instructions on how to update your account. (nf) |
| 05/08/2026 | <u>12</u> | NOTICE of Appearance by Misha Tseytlin on behalf of The Wisconsin State Legislature. Attorney(s) appearing: Misha Tseytlin (Tseytlin, Misha) |
| 05/08/2026 | <u>13</u> | LETTER from Misha Tseytlin re intention of intervening and – *Opposition to Plaintiff's TRO Motion*. (Tseytlin, Misha) Modified on 5/11/2026 (nf). |
| 05/08/2026 | <u>14</u> | BRIEF in Opposition filed by All Defendants re <u>6</u> Emergency MOTION for Temporary Restraining Order *AND* MOTION for Preliminary Injunction . (Gibson, Charlotte) |
| 05/08/2026 | <u>15</u> | DECLARATION of Robert Kehoe (Attachments: # <u>1</u> Exhibit A – Vos Verified Challenge Dated 3.21.24, # <u>2</u> Exhibit B – Vos Verified Challenge Dated 6.7.24, # <u>3</u> Exhibit C – Commission Referral Letter Dated 2.27.26)(Gibson, Charlotte) |
| 05/11/2026 | <u>16</u> | LETTER from Americans for Citizen Voting PAC *in Response to Letter from Wisconsin State Legislature (Dkt. 13)*. (Lennington, Daniel) |
| 05/12/2026 | <u>17</u> | ORDER signed by Judge Lynn Adelman on 5/12/2026. IT IS ORDERED that plaintiff's motion for a temporary restraining order (ECF No. <u>6</u> ) is DENIED. IT IS FURTHER ORDERED that a telephonic scheduling conference is scheduled for May 14, 2026, at 3:00 p.m. before Judge Lynn Adelman. The parties shall call the Court's Zoom conference line at 669–254–5252 and use Meeting ID 161 8470 1401 and Passcode 187773 to join the call. (cc: all counsel)(edr) (Main Document 17 replaced on 5/13/2026) (bx). |
| 05/13/2026 | <u>18</u> | NOTICE of Appearance by Kevin M LeRoy on behalf of The Wisconsin State Legislature. Attorney(s) appearing: Kevin M. LeRoy (LeRoy, Kevin) |
| 05/13/2026 | <u>19</u> | MOTION to Intervene by The Wisconsin State Legislature. (Attachments: # <u>1</u> Exhibit – Proposed Answer)(Tseytlin, Misha) |
| 05/13/2026 | <u>20</u> | BRIEF in Support filed by The Wisconsin State Legislature re <u>19</u> MOTION to Intervene . (Tseytlin, Misha) |
| 05/14/2026 | <u>21</u> | LETTER from All Parties *Filed Jointly* re scheduling dates to discuss at <u>17</u> telephonic scheduling conference. (Burmeister, Nathalie) Modified on 5/15/2026 (nf). |
| 05/15/2026 | <u>22</u> | Minute Entry for proceedings held before Judge Lynn Adelman: Telephonic Scheduling Conference held on 5/15/2026; The plaintiff formally withdraws the motion for a preliminary injunction. The plaintiff advised the Court that the next signature–gathering period will begin on December of 2026, and reserves the right to move for a preliminary injunction if the case does not resolve by that time. The Court adopts the parties' proposed schedule. (Court Reporter Jennifer Stake) (bx) |
| 05/15/2026 | <u>23</u> | SCHEDULING ORDER signed by Judge Lynn Adelman on 05/15/2026. IT IS ORDERED that Plaintiff and defendants shall file response briefs to the Wisconsin Legislature's motion to intervene by June 4, 2026. The Wisconsin Legislature shall file a reply brief by June 11, 2026. See Order for further details. (cc: all counsel)(bx) |
| 06/04/2026 | <u>24</u> | RESPONSE to Motion filed by Americans for Citizen Voting PAC re <u>19</u> MOTION to Intervene *by Wisconsin State Legislature*. (Burmeister, Nathalie) |
| 06/04/2026 | <u>25</u> | |

| | | |
|---|---|---|
| | | BRIEF in Opposition filed by All Defendants re 19 MOTION to Intervene . (Gibson, Charlotte) |
| 06/04/2026 | 26 | DECLARATION of Charlotte Gibson (Attachments: # 1 Exhibit 1 – DRW Decision)(Gibson, Charlotte) |
| 06/11/2026 | 27 | REPLY BRIEF in Support filed by The Wisconsin State Legislature re 19 MOTION to Intervene . (Tseytlin, Misha) |
| 06/11/2026 | 28 | DECLARATION of Kevin M. LeRoy (Attachments: # 1 Exhibit A –Summons And Complaint in Kaul v. Wisconsin State Legislature,, # 2 Exhibit B–Letter From The Attorney General In Johnson V. Wisconsin Elections Commission, # 3 Exhibit C–Response of Wisconsin Elections Commission)(Tseytlin, Misha) |
| 07/14/2026 | 29 | OPINION signed by Judge Lynn Adelman on 7/14/2026. IT IS ORDERED that the proposed intervenor's motion to intervene (ECF No. 19 ) is DENIED. Details in order. (cc: all counsel)(amh) |
| 07/14/2026 | | Party The Wisconsin State Legislature terminated pursuant to ECF 29 . (nf) (Entered: 07/27/2026) |
| 07/28/2026 | 30 | ANSWER to Complaint (Notice of Removal) filed by All Defendants. (Gibson, Charlotte) |
| 07/29/2026 | 31 | NOTICE of Hearing: NOTICE of Hearing: IT IS ORDERED that a telephonic Fed. R. Civ. P. 16(b) scheduling conference is scheduled for August 19, 2026 at 10:00 a.m. Central Time. The parties shall call the Court's Zoom conference line at 669–254–5252 and use Meeting ID 161 8470 1401 and Passcode 187773 to join the call and may be placed on hold until the Court accesses the call. Parties should call in prior to the time that the hearing is scheduled to begin so that there is no disruption to the court proceeding. The participation of the attorney who will be handling the case is required and their telephone number should be provided in the Rule 26(f) report. Additional details in notice. (cc: all counsel)(amh) |
| 07/30/2026 | 32 | NOTICE OF APPEAL as to 29 Order on Motion to Intervene by The Wisconsin State Legislature. Filing Fee PAID $605, receipt number AWIEDC–5315131 (cc: all counsel) (Tseytlin, Misha) |
| 07/30/2026 | 33 | Docketing Statement by The Wisconsin State Legislature re 32 Notice of Appeal (cc: all counsel) (Tseytlin, Misha) |
| 07/30/2026 | 34 | NOTICE of Hearing: IT IS ORDERED that a telephonic status conference is scheduled for August 11, 2026 at 2:30 p.m. Central Time. The parties, including the proposed–intervenor–defendant, should be prepared to discuss whether and to what extent the Court maintains jurisdiction over the present action in light of ECF No. 32, proposed–intervenor–defendants notice of appeal to the Seventh Circuit, and whether a stay is warranted. The parties shall call the Court's conference line at 669–254–5252 and use Meeting ID 161 8470 1401 and Passcode 187773 to join the call and may be placed on hold until the Court accesses the call. Parties should call in prior to the time that the hearing is scheduled to begin so that there is no disruption to the court proceeding. **Counsel is required to email the court prior to the call at AdelmanPO@wied.uscourts.gov to provide the names and contact numbers of attorneys appearing in the event that the Court would need to contact them.** (cc: all counsel)(amh) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMERICANS FOR CITIZEN VOTING PAC,

     *Plaintiff,*

    v.

MEAGAN WOLFE, ANN S. JACOBS, MARK L. THOMSEN, CARRIE RIEPL, DON M. MILLIS, ROBERT F. SPINDELL, JR., *and* MARGE BOSTELMANN, *in their official capacities as Wisconsin Elections Commissioners,*

     *Defendants.*

Case No. 2:26-cv-786

---

## THE WISCONSIN STATE LEGISLATURE'S NOTICE OF APPEAL

---

Pursuant to 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 3, notice is hereby given that Proposed-Intervenor-Defendant the Wisconsin State Legislature ("Legislature") appeals to the U.S. Court of Appeals for the Seventh Circuit from the District Court's Opinion and Order, entered July 14, 2026, denying the Legislature's Motion To Intervene as a defendant in this action. Dkt.29.

The Legislature has also simultaneously filed with this Notice Of Appeal the Docketing Statement required by Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

Dated: July 30, 2026.

Respectfully submitted,

/s/ *Misha Tseytlin*
MISHA TSEYTLIN
*Counsel of Record*
(State Bar No. 1102199)
KEVIN M. LEROY
(State Bar No. 1105053)
TROUTMAN PEPPER LOCKE LLP
111 S. Wacker Dr., Suite 4100
Chicago, IL 60606
(608) 999-1240 (MT)
(312) 759-1938 (KL)
(312) 443-0336 (fax)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com

*Counsel for the Wisconsin State Legislature*

Case 2:26-cv-00786-LA   Document 76   Filed 07/31/26   Page 2 of 3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July, 2026, a true and accurate copy of

the foregoing was served via the Court's CM/ECF system upon all counsel of record.

*/s/ Misha Tseytlin*
MISHA TSEYTLIN
TROUTMAN PEPPER LOCKE LLP
111 S. Wacker Dr., Suite 4100
Chicago, IL 60606
(608) 999-1240 (MT)
(312) 443-0336 (fax)
misha.tseytlin@troutman.com

AMERICANS FOR CITIZEN VOTING PAC,

    *Plaintiff,*

    v.

MEAGAN WOLFE, ANN S. JACOBS, MARK
L. THOMSEN, CARRIE RIEPL, DON M.
MILLIS, ROBERT F. SPINDELL, JR., *and*
MARGE BOSTELMANN, *in their official
capacities as Wisconsin Elections
Commissioners,*

    *Defendants.*

Case No. 2:26-cv-786

## THE WISCONSIN STATE LEGISLATURE'S
## DOCKETING STATEMENT

Proposed-Intervenor-Defendant and now Appellant the Wisconsin State Legislature ("Legislature"), by and through its undersigned counsel, hereby submits this Docketing Statement pursuant to Seventh Circuit Rule (3).

1. **Statement Concerning District Court Jurisdiction.** The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331. On April 29, 2026, Plaintiff Americans For Citizen Voting PAC ("Plaintiff") filed a Complaint in Wisconsin Circuit Court seeking declaratory and injunctive relief and naming as defendants Meagan Wolfe, Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann, in their official capacities as the Administrator and Commissioners of the Wisconsin Elections Commission (collectively, "Defendants). *See* Dkt.1-1. The Complaint raises a single count alleging

that 2025 Wis. Act 126 (codified at Wis. Stat. §§ 8.10(3), 8.15(4)(a), 8.20(3), 8.40(2), and 9.10(2)(em)2.)—which requires the circulators of nomination papers and recall petitions in Wisconsin to be "qualified electors" of the State—violates the First Amendment to the United States Constitution, as applied to Wisconsin through the Fourteenth Amendment to the United States Constitution. *See id.* On May 4, 2026, Defendants removed this action to the District Court pursuant to 28 U.S.C. § 1441(a) and § 1446. *See* Dkt.1. Removal was proper and the District Court had jurisdiction over this action because Plaintiff's federal constitutional claim arises under federal law. *See* 28 U.S.C. § 1331. On May 13, 2026, the Legislature moved to intervene in this case as a matter of right and permissively. Dkt.19. The District Court denied that Motion To Intervene on July 14, 2026, as explained more fully below. Dkt.29.

2. **Statement Concerning Appellate Jurisdiction.** The United States Court of Appeals for the Seventh Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, because this is an appeal from a final decision of the District Court. On July 14, 2026, the District Court issued an Opinion and Order denying the Legislature's Motion To Intervene as a defendant in this matter. Dkt.29. "It is well established" in the Seventh Circuit that "an order denying intervention is a final, appealable decision under 28 U.S.C. § 1291" as to the party seeking intervention because "'from the perspective of a disappointed prospective intervenor, the denial of a motion to intervene is the end of the case.'" *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 745 (7th Cir. 2020) (citing *CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 730 (7th Cir. 2013)); *see United States v. UCB, Inc.*, 970 F.3d

835, 842 (7th Cir. 2020).  While such an order "is not conventionally final" because it "does not . . . wind up the suit in the district court," it is still "final as to [the proposed intervenor], which having been denied the status of a party will never be able to appeal again in this proceeding unless the order denying intervention is now reversed." *Williams v. Katz*, 23 F.3d 190, 191–92 (7th Cir. 1994).  And this conclusion remains the same regardless of whether the disappointed prospective intervenor moved to intervene "as of right or by permission." *Shea v. Angulo*, 19 F.3d 343, 344–45 (7th Cir. 1994).  Further, the Legislature timely filed its Notice Of Appeal from the District Court's Opinion and Order—within 30 days of the District Court's July 14, 2026, Opinion and Order being entered.  *See* Fed. R. App. P. 4(a)(1)(A).  This is not a direct appeal from the decision of a magistrate judge.  And no party has filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment or any other motion tolling the time for filing a Notice Of Appeal.

3.      **Statement Regarding Any Ongoing Proceedings In The District Court.**  There are ongoing proceedings in the District Court.  On July 28, 2026, Defendants filed an Answer to Plaintiff's Complaint, Dkt.30, and the following day the District Court issued a Notice Of Hearing scheduling a Federal Rule of Civil Procedure 16(b) scheduling conference for August 19, 2026, Dkt.31.

4.      **Official Capacity Designations.**  Plaintiff has no official government capacity and has not sued in any such capacity.  *See* Dkt.1-1 at 12; Cir. R. 3(c)(1).  Defendant Meagan Wolfe is the Administrator of the Wisconsin Elections Commission and is sued in her official capacity.  Defendants Ann S. Jacobs, Mark L.

Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann are the Commissioners of the Wisconsin Elections Commission and are each sued in their official capacities. *See* Dkt.1-1 at 13; Cir. R. 3(c)(1). The Legislature is the branch of the Wisconsin State Government "vested" with the "legislative power" of the State, Wis. Const. art. IV, § 1, and is authorized by Wisconsin state law to appear in federal court on behalf of the State to defend the validity of the State's laws, *see* Wis. Stat. § 803.09(2m). The Legislature seeks to intervene in this case in those official capacities. *See* Dkts.19–20, 27; Cir. R. 3(c)(1).

5.　　**Prior Or Related Appellate Proceedings.** There have been no prior or related appellate proceedings in this case.

Dated: July 30, 2026

Respectfully submitted,

/s/ *Misha Tseytlin*
MISHA TSEYTLIN
*Counsel of Record*
(State Bar No. 1102199)
KEVIN M. LEROY
(State Bar No. 1105053)
TROUTMAN PEPPER LOCKE LLP
111 S. Wacker Dr., Suite 4100
Chicago, IL 60606
(608) 999-1240 (MT)
(312) 759-1938 (KL)
(312) 443-0336 (fax)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com

*Counsel for the Wisconsin State Legislature*

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2026, a true and accurate copy of

the foregoing was served via the Court's CM/ECF system upon all counsel of record.

/s/ Misha Tseytlin
MISHA TSEYTLIN
TROUTMAN PEPPER LOCKE LLP
111 S. Wacker Dr., Suite 4100
Chicago, IL 60606
(608) 999-1240 (MT)
(312) 443-0336 (fax)
misha.tseytlin@troutman.com

---

AMERICANS FOR CITIZEN
VOTING PAC,
   **Plaintiff,**

  **v.**          **Case No. 26-CV-786**

MEAGAN WOLFE, et al.,
   **Defendants.**

---

## <u>OPINION</u>

Wisconsin requires candidates seeking nomination for political office to collect a certain number of signatures to appear on the ballot. *See* Wis. Admin. Code EL § 2.05. On March 27, 2026, Governor Tony Evers signed into law 2025 Wisconsin Act 126 ("Act 126"), which requires that individuals who collect signatures on behalf of candidates be residents of the State of Wisconsin.[1] Plaintiff Americans for Citizen Voting ("ACV"), a Political Action Committee, sued the Administrator and Commissioners of the Wisconsin Elections Commission ("the commission"), all in their official capacities, claiming this law violates the First and Fourteenth Amendments. The Wisconsin State Legislature ("the legislature") now moves to intervene in this action. ACV takes no position on the intervention, *see* ECF No. 24, but the commission opposes the intervention, *see* ECF No. 25. For the reasons that follow, I deny the motion for intervention.

---

[1] This provision does not apply to nomination papers prepared for presidential and vice-presidential candidacies.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs intervention as of right and permissive intervention. Courts are required to grant intervention if the movant can prove: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Bost v. Illinois State Board of Elections*, 75 F.4th 682, 686 (7th Cir. 2023) (quoting *State v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019)) (citing Fed. R. Civ. P. 24(a)). I "must accept as true the non-conclusory allegations of the motion." *City of Chicago*, 912 F.3d at 984. "The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny the motion." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019).

If a movant does not qualify for intervention as a matter of right, a court may still permit intervention if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" when ruling on permissive intervention. Fed. R. Civ. P. 24(b)(3). "Whether to allow permissive intervention is a highly discretionary decision," which "'leaves the district court with ample authority to manage the litigation before it.'" *Bost*, 75 F.4th at 690–91 (quoting *Planned Parenthood*, 942 F.3d at 803). In determining whether to permit intervention under this rule, "the only *required* considerations . . . are undue delay and prejudice to the rights of the original parties." *Id.* (emphasis in original).

2

Case 2:26-cv-00786-LA   Filed 07/31/26   Page 16 of 31   Document 135

## II.   INTERVENTION AS OF RIGHT

The legislature claims it is entitled to intervene as of right because it meets all four requirements of Rule 24(a)(2). The commission disagrees, arguing that it fails on the second and fourth conditions: it does not have an interest in the litigation and the existing parties already adequately represent any interest it does have. ECF No. 25 at 4.[2] As I explain below, I agree on both counts: the legislature does not have an independent interest and it has not demonstrated that any interest it does have is not adequately represented. Therefore, it may not intervene as of right.

### A. Interest in the Litigation

"Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). The Seventh Circuit counsels that an interest must be "direct, significant, and legally protectable" to qualify under the rule. *Bost*, 75 F.4th at 686. This "unique" interest must be "based on a right that belongs to the proposed intervenor rather than to an existing party in the suit," meaning that the interest is not "derived from the rights of an existing party." *Id.* at 687. The uniqueness of the right does not mean the interest must accrue only to the intervenor. *Id*.

The legislature argues that the following Wisconsin statute provides it with an interest in the litigation at hand:

---

[2] The commission argues I do not need to consider Federal Rule of Civil Procedure 24 because the statute as applied to these facts violates the Wisconsin Constitution and that is dispositive. ECF No. 25 at 4. While I agree that the statute violates the Wisconsin constitution, this fact is dispositive only because it makes it impossible for the legislature to meet the standards of Rule 24. I explain this in more detail *infra*.

3

> When a party to an action challenges in state or federal court the constitutionality of a statute, facially or as applied, challenges a statute as violating or preempted by federal law, or otherwise challenges the construction or validity of a statute, as part of a claim or affirmative defense, the assembly, the senate, and the legislature may intervene as set forth under [Wis. Stat. §] 13.365 at any time in the action as a matter of right by serving a motion upon the parties as provided in [Wis. Stat. §] 801.14.

Wis. Stat. § 803.09(2m). *See* 2017 Wis. Act 369.

The plain language of the statute makes it appear as though all courts—even federal courts—have no choice but to permit the legislature to intervene any time a statute is challenged on the basis of the federal or state constitutions. But, as the Seventh Circuit observed about this statute, it "cannot supplant the Federal Rules of Civil Procedure and make intervention automatic." *Planned Parenthood*, 942 F.3d at 797. Intervention "is a purely procedural right and even in a diversity suit it is the Federal Rules of Civil Procedure rather than state law that dictate the procedures, including who may intervene." *Williams v. Katz*, 23 F.3d 190, 192 (7th Cir. 1994). Moreover, this action originates from federal question jurisdiction, not diversity, and therefore the supremacy of the Federal Rules of Civil Procedure "is even more pronounced." *Planned Parenthood*, 942 F.3d at 797. This statute can do no more than express Wisconsin's "strong policy judgment." *Id*. I must still independently determine whether this statute conveys an interest sufficient to satisfy the requirements of Rule 24 in the litigation at hand.

In this case, the statute does not convey a "direct, significant, and legally protectable interest," because, as I explain below, the statute is unconstitutional under the Wisconsin constitution as applied to the facts of this case. *Bost*, 75 F.4th at 686. The legislature cannot have a legally protectable interest justifying intervention if it is constitutionally barred from participating in the litigation at hand.

4

The source of the statute's unconstitutionality under the Wisconsin constitution is the state government's separation of powers principles. Wisconsin's constitution separates the government into three coordinate branches, each with different powers. The branches mirror those of the federal government: legislative, executive, and judicial. Wis. Const. Arts. IV, V, VII. "Core powers" belong exclusively to each branch, while "shared powers" "lie at the intersections of the exclusive core constitutional powers." *Evers v. Marklein*, 2024 WI 31, ¶¶ 10–11, 8 N.W.3d 395 (cleaned up). "Where the constitution has conferred power on a single branch, that is considered a core constitutional power of that branch [and] . . . no other branch may take it up and use it as its own." *Kaul v. Wis. State Legislature*, 2025 WI 23 ¶ 11, 21 N.W.3d 513 (internal quotations omitted) [hereinafter *Kaul*]. "[A]ny exercise of [core power] authority by another branch of government is unconstitutional." *Gabler v. Crime Victims Rights Bd.*, 2017 WI 67, ¶ 31, 897 N.W.2d 384 (quoting *State ex rel. Fielder v. Wis. Senate*, 155 Wis2d 94, 100, 454 N.W.2d (1990)) (emphasis in original).

Article IV, Section 1 of the Wisconsin constitution "vests the 'senate and assembly' with the 'legislative power' which 'is the authority to make laws, but not to enforce them.'" *Evers*, 2024 WI 31, ¶ 12 (quoting *Koschkee v. Taylor*, 2019 WI 76, ¶ 11, 929 N.W.2d 600). Article V, Section 1 of the Wisconsin constitution "vests the governor with the 'executive power.'" *Evers*, 2024 WI 31, ¶ 15. "The executive branch's role is to effectuate the policies passed by the legislature"; this "comprises the ability to determine 'what the law requires as well as applying it.'" *Id*. (quoting *Service Employees International Union, Local 1 v. Vos*, 2020 WI 67, ¶ 99, 946 N.W.2d 35 [hereinafter *SEIU*]).

5

The Wisconsin Supreme Court previously held that the intervention statute is not facially unconstitutional, meaning it has *some* constitutional applications. *SEIU*, 2020 WI 67, ¶ 83. However, this was a "limited" decision and a "narrow[] conclu[sion]." *Democratic Nat'l Comm. v. Bostelmann*, 2020 WI 80, ¶ 6, 949 N.W.2d 423. Whether there may be some unconstitutional applications, particularly based upon separation of powers principles, remains an open question. *See id.* ¶ 4 n.2 (noting that separation of powers arguments were not "comprehensive[ly]" briefed or addressed); *SEIU*, 2020 WI 67, ¶ 73 ("We express no opinion on whether individual applications or categories of applications may violate the separation of powers . . ."); *Kaul*, 2025 WI 23, ¶ 6 (noting that *SEIU* "left open . . . the possibility that individual applications of the [intervention statute] . . . might violate the constitution"). Thus, this is a matter of first impression.[3]

The challenged statute regarding circulators was passed and signed into law in 2025. Once the law went into effect, the legislature completed its task in making the law. At that point, the executive began enforcement efforts. ACV brought this action in 2026, when the executive was carrying out its responsibility to give the law effect by enforcement. Defending the law against the constitutional challenge falls squarely within the executive's "core" power of executing the law. *Kaul*, 2025 WI 23 ¶ 28. The legislature argues that to "defend" a law does not implicate the "execution" of a law. ECF No. 27 at 8. But the Wisconsin Supreme Court holds that "[l]itigation on behalf of the state is chiefly

---

[3] "When no decision from the state supreme court squarely controls, federal courts predict how the relevant state court would rule, otherwise called an '*Erie* guess.'" *Giovannelli v. Walmart Inc.*, 164 F.4th 1052, 1054 (7th Cir. 2026). I base my opinion on the Wisconsin state court decisions available to me, making a best attempt to predict how the Wisconsin Supreme Court would rule.

a core executive function." *Kaul*, 2025 WI 23 ¶ 28. The Wisconsin Supreme Court is clear: "The constitution does not empower the legislature to participate in the execution of the law, nor can the legislature give itself such authority." *Evers*, 2024 WI 31, ¶ 33. Moreover, only when the legislature "has an institutional interest *rooted in the constitution*" is the power to litigate on the state's behalf considered a shared one. *Kaul*, 2025 WI 23 ¶ 28 (emphasis added). As I explain below, the legislature's constitutional powers are not implicated here. Because the application of the statute would be unconstitutional under the Wisconsin constitution in this litigation, the intervention statute does not apply here and cannot convey an interest. The legislature does not—and cannot—have a legally protectable interest arising from the intervention statute.

The legislature contends that the U.S. Supreme Court's decision in *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179 (2022), dictates the opposite result. But the legislature is wrong. In *Berger*, the NAACP of North Carolina challenged the constitutionality of a voter identification law. 597 U.S. at 186. The North Carolina legislature, finding the attorney general's defense of the law insufficient, moved to intervene twice, but the district court denied the motions. *Id*. at 185–88. Ultimately, the Supreme Court held that the district and appellate courts erred in applying a presumption that the elections board adequately represented the legislative leaders' interests. *Id*. at 195.

In holding that the North Carolina legislature had the right to intervene, the U.S. Supreme Court cautioned that states have a "prerogative to select which agents may defend its laws and protect its interests." *Id*. at 197. Indeed, "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly

7

authorized representatives are excluded from participating in federal litigation challenging state law." *Id.* But in this case the legislature is *not* a "duly authorized representative." Under the Wisconsin constitution's separation of powers principles, the legislature is not authorized to represent the state in the execution of a law, including by defending the law. If I were to allow the legislature to intervene in spite of the fact that the intervention law is unconstitutional under the Wisconsin constitution as applied here, I would be "evinc[ing] disrespect for [Wisconsin's] chosen means of diffusing its sovereign powers among various branches and officials," which is the very thing the Supreme Court warns against.[4] *Id*.

Additionally, the *Berger* court did not grapple with the constitutionality of the intervention statute, largely because the North Carolina election board appeared to waive the issue when it conceded that the legislature could permissively intervene or intervene as a matter of right if the attorney general did not represent the election board. *Id*. at 194. In contrast, the commission and attorney general here challenge the constitutionality of intervention in all manners and argue it is impossible for the legislature to participate in a constitutionally appropriate manner. The commission has waived nothing and made no concessions. *Berger* does not compel me to allow the legislature to intervene.

The legislature also points to a Wisconsin Supreme Court decision, arguing it too precludes my conclusion. In *Bostelmann*, the Wisconsin Supreme Court answered a

---

[4] The *Berger* court held that the lower courts "erred as a matter of law . . . by failing to afford due respect to North Carolina's law designating legislative leaders as its agents in litigation of this sort." *Berger*, 597 U.S. at 200 n.*. It would be of equal—if not greater— disrespect to Wisconsin's system of laws to ignore the fact that the "law designating legislative leaders as its agents in litigation of this sort" is unconstitutional as applied here.

8

narrow question certified to it by the Seventh Circuit: "whether, under Wis. Stat. § 803.09(2m), the State Legislature has the authority to represent the State of Wisconsin's interest in the validity of state laws." 2020 WI 80, ¶ 1. In its answer, the Wisconsin Supreme Court held that the *statutory language* of the intervention statute granted the legislature an "interest in the validity of state laws." *Id.* ¶ 4. But the *Bostelmann* court explicitly noted that the "question certified is not a wide-ranging constitutional inquiry." *Id*. In other words, the question presented to the Wisconsin Supreme Court was not whether the statute was constitutional as applied to that action; it was whether the text of the statute granted an interest. The constitutional separation of powers issues remained plainly unaddressed. *Id.* ¶ 4 n.2 (noting that separation of powers arguments were not "comprehensive[ly]" briefed or addressed). This case does not turn on whether the statute's text, without reference to the Wisconsin constitution, grants an interest. The question is whether the text of the statute *in conjunction* with the Wisconsin constitution and in the context of this legal action grants an interest. The answer is no, and neither the Wisconsin Supreme Court nor the Seventh Circuit's holdings in either *Bostelmann* case command a different conclusion. *See generally Bostelmann*, 2020 WI 80; *Democratic Nat'l Comm. v. Bostelmann*, 977 F.3d 693 (7th Cir. 2020).

I note that I am not the only jurist to recently find that allowing the legislature to intervene under these or similar circumstances is unconstitutional under the Wisconsin constitution. Judge Everett D. Mitchell, a Dane County Circuit judge, is now presiding over an action challenging the constitutionality of certain absentee voting laws as they pertain to blind individuals. *Disability Rights Wisconsin v. Wis. Elections Comm.*, No. 24CV1141 (Wis. Cir. Ct. Dane Cnty. Jan 26, 2026). In that case, plaintiffs filed suit against the

commission and, as here, the legislature moved to intervene. Like me, Judge Mitchell found that although the intervention statute "plainly authorizes the legislature's intervention," it only does so "because the statute is written so broadly as to encompass near every case imaginable." *Id.* at *2. Moreover, "as applied to the facts of th[at] case"—which closely mirror those of this one—intervention by the legislature "would violate the separation of powers." *Id.* This decision is now on appeal with no decision yet rendered, but Judge Mitchell's thoughtful opinion is nonetheless instructive.

Having established that the intervention statute does not grant the legislature an interest in this litigation, the question remains whether the legislature possesses an interest by some other means. Indeed, the legislature presses that it has an independent interest in "defending the efficacy and integrity of its own constitutional authority to make laws for the State of Wisconsin." ECF No. 20 at 15. These interests are particularly acute here, it argues, because the challenged statue relates "directly to the composition of the legislative body itself." *Id.* But the legislature fails to identify any manner in which the challenged law has any effect on its "constitutional authority to make laws," regardless of whether those laws pertain to the composition of the legislature. Moreover, the argument that the legislature has some special relationship to these laws because its body is composed of elected officials is absurd. By that logic, the Wisconsin Supreme Court, likewise composed of elected individuals and subject to laws regarding circulators, would also have the right to intervene in this action. Of course, that would be preposterous.

As previously explained, the Wisconsin constitution empowers the legislature to "make laws," which "encompasses the ability to determine whether there shall be a law, to what extent the law seeks to accomplish a certain goal, and any limitations on the

10

execution of the law." *Evers*, 2024 WI 31, ¶ 12. Where these powers are implicated, the constitution permits the legislature's intervention. For example, where the legislature challenges a governor's veto, necessarily implicating the power to make laws, the intervention statute is constitutional. *SEIU*, 2020 WI 67, ¶ 72 n.21. But this power is not implicated here.

Recall that the power to litigate on the state's behalf is a shared power when the legislature "has an institutional interest rooted in the constitution." *Kaul*, 2025 WI 23 ¶ 28. The constitution gives the legislature the power to make laws, but not to execute them. Defending a law is part of the executive function, because in order to enforce a law it must be in effect. If this litigation leads to a determination that the challenged statute is unconstitutional, the executive will have no law to enforce. In contrast, even if the statute is found unconstitutional, the legislature may continue to make laws, even very similar laws, in hopes that a different variation may pass constitutional muster. Therefore, the legislature does not have an interest in the litigation arising from the Wisconsin constitution or any other source.

The lower federal courts "have by and large adopted an expansive understanding of intervention on the theory that anyone who may be affected by the outcome of a case should have a right to participate." Leading Case, *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022), HARV. L. REV. 390, 390 (2022); *see e.g.*, *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (describing Rule 24(a) as embodying a policy of "involving as many apparently concerned persons as is compatible with efficiency and due process"). That theory, however, is at odds with the original understanding of Rule 24(a). *Id.*; *see also* Caleb Nelson, *Intervention*, 106 VA. L. REV.

11

271, 301 (2020) (explaining that the text, purpose and context of Rule 24(a) "all support a more restrained reading" of the provision). *Berger* does not clearly articulate what type of "interest" sufficiently complies with Rule 24(a), but it does not endorse an expansive understanding of intervention. Here, the legislature does not establish that it is a proper party to plaintiff's claim for relief. Therefore, it does not have an interest in the litigation, and it may not intervene as of right.

## B. Adequate Representation

The legislature's lack of interest is dispositive. However, the motion for intervention must also fail because the legislature does not demonstrate that any interest it has is inadequately represented. As noted in *Berger*, when there is a divided government, the state may choose to authorize multiple state government officials to represent its interest in order to "give voice to a different perspective." 597 U.S. at 198. But even then, the court goes no further than to "acknowledge that a presumption of adequate representation is inappropriate when a duly authorized state agent seeks to intervene to defend a state law." *Id*. at 197. It continues:

> Any presumption against intervention is *especially* inappropriate when wielded to displace a State's prerogative to select which agents may defend its laws and protect its interests. Normally, a State's chosen representatives should be greeted in federal court with respect, not adverse presumptions. If the intervenor in [another case] faced only a "minimal" burden, it cannot be that duly designated state agents seeking to vindicate state law should have to clear some higher hurdle.

*Id.* at 197–98 (emphasis in original). While *Berger* holds that a presumption of adequacy is inappropriate and the burden of demonstrating adequate representation is "minimal," it does not hold that the burden is nonexistent. Nor does it hold that the existence of any state law giving a state government representative the authority to speak on behalf of the

12

state would *automatically* mean that representation is inadequate. As previously discussed, the Federal Rules of Civil Procedure control procedure in the federal courts and trump any state laws. *Planned Parenthood*, 942 F.3d at 797. Therefore, *Berger* does not relieve proposed intervenors of the burden of demonstrating *some* level of inadequate representation. In this case, the legislature fails to demonstrate that the existing representation is inadequate to any degree.

The facts of this case differ from those in *Berger*. There, the elections board, represented by the attorney general, presented a derelict defense. It argued it only sought to "obtain[] guidance regarding which law it would need to enforce in an upcoming election," rather than defending the law. *Id.* at 186. It offered one paltry affidavit with no expert testimony in "opposition" to a motion for a preliminary injunction, which itself was supported by *five* expert reports. *Id.* at 188. Moreover, the legislature was not only prepared to defend the law, it attempted to do so by lodging an *amicus* brief, its own set of expert reports, and a variety of other declarations. *Id.*

The commission here is handing the case totally differently. Represented by the attorney general, it has strongly defended the challenged statute. First, it removed the action to federal court. Second, it responded within one week to an emergency motion for a temporary restraining order with a thirty-page brief in opposition, an affidavit, and three exhibits. Third, in communications with the court, it has made clear that it intends to defend the statute at issue without reservation.

The legislature questions the commission's willingness to fully defend the challenged statute, noting some of the commission's previous actions in other cases. ECF No. 20 at 21. But it presents "nothing to indicate that the attorney general [is] planning to

throw the case" here. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009). In addition, the legislature notes that it intends to include a discussion of *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020), in its defense which the commission did not mention in its brief in opposition to the application for a temporary restraining order. ECF No. 20 at 19. Aside from the fact that the commission might rely on *Luft* in its case in chief, I agree with the commission that a party's strategy is not indicative of the strength or adequacy of its defense.[5] Moreover, differences in litigation strategy do not amount to inadequate representation. *See Berger*, 597 U.S. at 211–12 (Sotomayor, J., dissenting) (a choice about litigation strategy does not render representation inadequate) (citing 7C Wright, Miller, & Kane § 1909; *Planned Parenthood*, 942 F.3d at 810–11 (Sykes, J., concurring)); *Planned Parenthood*, 942 F.3d at 801 (7th Cir. 2019) (citing *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013)); *B.H. v. McDonald*, 49 F.3d 294, 297 (7th Cir. 1995) (denying a motion to intervene where the conflict arose out of a party's "considered judgment" about strategy); *United States v. Bd. of School Comm'rs of City of Indianapolis, Ind.*, 466 F.2d 573, 575 (7th Cir.1972) (taking a different view of applicable law does not amount to inadequate representation).

---

[5] The legislature points to a different district court decision permitting its intervention based partly upon the fact that it intended to raise several different issues from the existing parties. *Liebert v. Wis. Elections Comm.*, 345 F.R.D. 169,172 (2023). Aside from the fact that I am not bound by another district court's decision, in that case a difference in defense strategies was only *one* aspect of the court's reasoning. *Id*. That court cited several defense deficiencies. *See also Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 749 (7th Cir. 2020) (permitting intervention when defense arguments differed *and* several other elements of the defense differed). Where only one single difference between defense strategies was presented, the Seventh Circuit has merely suggested in a footnote that it "might be" enough to meet the standard. *Bost*, 75 F.4th at 690 n.6.

14

Moreover, what appears to be happening is that in public law cases like the present one, the legislature seeks to intervene as a matter of course. The Milwaukee Journal Sentinel reports that the legislature has spent over $25 million dollars in fees to outside counsel, including through frequent intervention in lawsuits. Francesca Pica, Mary Spicuzza, & Anna Kleiber, *Wisconsin Legislature spent $26.2 million in taxpayer money on private attorneys since 2017*, MILWAUKEE J. SENTINEL (July 17, 2025), https://www.jsonline.com/story/news/politics/2025/07/17/gop-legislature-paid-millions-to-lawyers-on-gableman-maps-cases/84230957007/ (last visited July 10, 2026). This virtually routine intervention by the legislature suggests that it either doesn't pay any attention to the adequacy of the attorney general's performance or that it presumes such performance is inadequate. Its view appears to be that it has a right to intervene any time a law is challenged on constitutional grounds. But, as I have already explained, a state statute simply cannot grant an automatic right to intervention. Thus, I find that, in addition to lacking an interest in the litigation, the legislature has not shown inadequacy of representation.

## III. PERMISSIVE INTERVENTION

The legislature argues that I should simply sidestep the issue of constitutionality by permitting it to intervene even if I find it cannot intervene as a matter of right. But permissive intervention no less than intervention as of right would undermine the fact that defending the constitutionality of a state law is, according to the Wisconsin constitution, in the exclusive domain of Wisconsin's executive branch. Our system of federalism "involves striking a balance between national and state authority." *Palmer v. Com. Of Mass.*, 308 U.S. 79, 83 (1939). The concept of "our federalism" "does not mean blind

15

deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts." *Younger v. Harris*, 401 U.S. 37, 44 (1971). Instead, the federal government—including its system of courts—must "endeavor" "to vindicate and protect federal rights and interests" "in ways that will not unduly interfere with the legitimate activities of the States." *Id*. Federal and state governments are "joint participants in the governance of the Nation." *Alden v. Maine*, 527 U.S. 706, 748 (1999). "Congress and the Court embedded 'the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism.''" *Cosgriff v. County of Winnebago*, 876 F.3d 912, 915 (7th Cir. 2017) (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981)).

It would violate principles of federalism to ignore the fact that allowing the legislature to intervene in this instance would violate the Wisconsin constitution, irrespective of whether it does so by right or by permission. In the interest of justice, I owe deference to the Wisconsin constitution as the embodiment of the State of Wisconsin's chosen method of governance. Moreover, it is well within my purview to decline permissive intervention, which is a "wholly discretionary" determination. *Sokaogon Chippewa Cmty v. Babbitt*, 914 F.3d 941, 949 (7th Cir. 2000). I find that neither intervention as of right nor permissive intervention are appropriate.

The motion to intervene is denied. The legislature may not participate in this litigation as a party to the action.

## IV.    CONCLUSION

For the reasons stated, **IT IS ORDERED** that the proposed intervenor's motion to intervene (ECF No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

17