UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMERICANS FOR CITIZEN VOTING PAC,

    Plaintiff,

v.

MEAGAN WOLFE, et al.

    Defendants.

Case No. 2:26-cv-786

## RULE 26(f) JOINT PRETRIAL REPORT

Plaintiff, by its undersigned attorneys at the Wisconsin Institute for Law & Liberty, and Defendants, by their undersigned attorneys at the Wisconsin Department of Justice, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f) in anticipation of the Rule 16 scheduling conference set for August 19 at 10:00 am. The parties met and conferred on August 5, 2026.

## NATURE OF THE CASE

This is a First Amendment challenge to the residency requirements for ballot access signature gatherers in state law.

The parties submit the following proposed discovery plan:

**1.** **Rule 26(a) Initial Disclosures**. The parties agree to waive the requirement to exchange initial disclosures.

**2.** **Disclosure of Experts**. The parties do not anticipate using experts in this case.

**3.** **Dispositive Motions**. The parties believe this case is likely to be fully resolved on cross-motions for summary judgment. Given the next nomination paper signature gathering window opens on December 1, 2026, the parties propose the following summary judgment briefing schedule: Plaintiff would file a motion and supporting documents on September 1, 2026. The Defendants would then file a cross-motion with a single combined brief responding to Plaintiff's motion and supporting their own by October 1, 2026. Plaintiff would file a combined reply/response brief by October 15, 2026. Finally, Defendant would file a reply in support of their cross motion by November 2, 2026. The parties believe this schedule would result in fewer briefs and an efficient schedule for the parties and the Court.

**4.** **Discovery End Date**. The parties do not anticipate the need for any discovery.

**5.** **Trial Date**. While the parties believe it is likely this matter is resolved fully on summary judgment motions, if a trial is necessary the parties anticipate that this matter will be ready for trial approximately 90 days after the summary judgment motions are resolved.

**6.** **Subjects and Completion of Discovery**:

**A.** **Subjects on which discovery may be needed**. The parties do not anticipate the need for discovery.

**B.** **Disclosures of Discovery of ESI**. The parties do not anticipate the need for discovery and so the parties do not anticipate any special issues related to the disclosure or discovery of electronic information. Should such discovery become

necessary, and should there be issues related to discovery of electronic information, the parties agree that they will produce either a hard-copy version of any formerly or currently electronically-stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a memory stick, flash drive, or other similar medium. To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI related costs.

**C.** **Procedures Regarding Claims of Privilege and Work-Product Protection**. The parties do not anticipate the need for discovery and so the parties do not anticipate any special issues related to the disclosure or discovery of attorney-client privileged or attorney work-product information. Should such discovery become necessary, and should there be issues related to the disclosure or discovery of attorney-client privileged or attorney work-product information, the parties agree that any documents in any format that contain attorney-client privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party

- 3 -

waived privilege or work-product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege/protection and seek a court order denying the application of such privilege/protection.

**D.** **Limitations on Discovery**. At this time the parties do not propose any changes to the limitations on discovery, which are set forth by the Federal Rules or local rules.

Dated: August 10, 2026

Respectfully Submitted,

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

*/s/ Nathalie E. Burmeister*
Lucas T. Vebber (#1067543)
Daniel P. Lennington (#1088694)
Nathalie E. Burmeister (#1126820)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-6372 (Burmeister)
lucas@will-law.org
dan@will-law.org
nathalie@will-law.org

*Attorneys for Plaintiff*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Charlotte Gibson*
CHARLOTTE GIBSON
Assistant Attorney General
State Bar #1038845

HANNAH S. JURSS
Assistant Attorney General
State Bar #1081221
Wisconsin Department of Justice
Post Office Box 7857

- 4 -

Madison, Wisconsin 53707-7857
(608) 957-5218 (Gibson)
(608) 266-8101 (Jurss)
(608) 294-2907 (Fax)
charlie.gibson@wisdoj.gov
hannah.jurss@wisdoj.gov

*Attorneys for Defendants*