UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMERICANS FOR CITIZEN VOTING PAC,

*Plaintiff*,

*v.* Case No. 2:26-cv-786

MEAGAN WOLFE, et al.,

*Defendants*.

---

# UNOPPOSED MOTION OF PETE KARAS, GREEN PARTY CANDIDATE FOR WISCONSIN SECRETARY OF STATE, AND THE WISCONSIN GREEN PARTY, FOR LEAVE TO FILE AN AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---


Skylar R. Croy
*Wisconsin Bar No.* 1117831
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, WI 53703
scroy@hurleyburish.com
(608) 257-0945

*Counsel for Pete Karas & the Wisconsin Green Party*

Under this Court's inherent authority, Pete Karas, Green Party candidate for Wisconsin Secretary of State, and the Wisconsin Green Party respectfully move for leave to file the attached amici curiae brief in support of Plaintiff's Motion for Summary Judgment.[1] In support, they state as follows:

1. As set out in the attached unsworn declaration, Pete Karas planned to use out-of-state circulators but couldn't because of Act 126. And even though he didn't use those circulators, his nomination papers were still challenged before WEC. The failed effort to kick him off the ballot fit a long pattern of efforts to limit the Green Party's ballot access.[2]

2. In the proposed brief, Karas and the Wisconsin Green Party explain in more detail how Act 126 has harmed them and why it is unconstitutional. In particular, they argue that the alleged state interest, preventing fraud, is suspect because the Act doesn't impose a residency requirement for presidential nomination papers or referendums. That makes the Act arbitrarily underinclusive at best and pretextual at worst: The Act accomplishes little more than protecting the incumbents in the state legislature who voted for it. And those incumbents (all members of the two major parties) didn't look out for minor parties or grassroots causes in drafting Act 126.

---

[1] *See, e.g.*, *Doe ex rel. Doe v. Elkhorn Area Sch. Dist.*, 743 F. Supp. 3d 1053, 1062 (E.D. Wis. 2024).

[2] Unsworn Decl. Pete Karas.

3. The proposed brief is short and simple yet offers a different perspective on the important legal question presented in this case. It is approximately 2,736 words and will ensure that this Court has a full picture of how Act 126 harms minor parties. Karas and the Wisconsin Green Party's unique perspective will benefit this Court.

4. No party or party's counsel authored the proposed brief in whole or in part, and no party or party's counsel contributed or pledged to contribute money intended to pay for preparing, drafting, or submitting this brief. No party or party's counsel has a majority ownership interest in or a majority control of the Wisconsin Green Party.

5. This motion is timely because it precedes Defendants' response. That response is due on October 1, 2026.[3] This motion is being filed on September 21, 2026, more than a week before that deadline.

6. Plaintiff communicated by counsel on September 21, 2026, that it does not oppose this motion.

7. Defendants also communicated by counsel on September 21, 2026, that they do not oppose this motion.

8. For the foregoing reasons, Karas and the Wisconsin Green Party respectfully ask that this Court accept the proposed brief for filing.

---

[3] Dkt. #40, at 1.

Dated this 21st day of September, 2026.

Respectfully submitted,

PETE KARAS, GREEN PARTY CANDIDATE FOR WISCONSIN SECRETARY OF STATE, AND THE WISCONSIN GREEN PARTY,

s/ Skylar R. Croy
Skylar R. Croy
*Wisconsin Bar No.* 1117831
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, WI 53703
scroy@hurleyburish.com
(608) 257-0945

*Counsel for Pete Karas & the Wisconsin Green Party*