IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

AMERICANS FOR CITIZEN VOTING PAC,

Plaintiff,

v. Case No. 26-CV-0786

MEAGAN WOLFE, et al.,

Defendants.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE, (DKT. 56), TO DEFENDANTS' STATEMENT OF PROPOSED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, (DKT. 53)**

Defendants Meagan Wolfe, in her official capacity as Administrator of the Wisconsin Elections Commission, and Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Marge Bostelmann, and Robert F. Spindell, Jr., in their official capacities as Commissioners of the Wisconsin Elections Commission, by and through their attorneys, file the following reply to Plaintiff's responses to Defendants' proposed findings of fact in support of their motion for summary judgment.[1]

[1] Defendants recognize that this Court's local rules do not expressly contemplate a reply in support of a party's own proposed fact-findings. *See* Civ. L. R. 56(b)(3)(B) (providing for a reply "to any additional facts" submitted by the opposing party). Given the staggered briefing schedule, and that Plaintiff has submitted a reply to Defendants' responses to Plaintiff's original proposed fact-findings, Defendants submit this reply in support of their original proposed fact-findings.

1. Following the enactment of 2025 Wis. Act 126 ("Act 126"), on April 6, 2026, the Wisconsin Elections Commission ("the Commission") approved a memo regarding Act 126 and updated nomination paper templates to reflect Act 126's changes. That memo is attached to Plaintiff's complaint as Exhibit 2. (Second Kehoe Decl. ¶ 10 (filed herewith); Dkt. 1-1:21–24.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

2. The Commission staff examined nomination papers submitted by candidates who attained ballot access for U.S. Representative contests in the 2024 General Election and found that only approximately 4.1% of all nomination papers submitted by these candidates were circulated by individuals residing out of Wisconsin. (Second Kehoe Decl. ¶ 24.)

RESPONSE: No dispute as to the Commission staff's calculation for the 2024 U.S. Representative contests.

**REPLY**: Undisputed.

3. As a practical matter, Wisconsin law did not and does not prevent others from accompanying a circulator while the circulator is obtaining signatures. (Second Kehoe Decl. ¶ 27.)

RESPONSE: Disputed in so far as "[a]s a practical matter" is opinion and lacks foundation. Undisputed that Wisconsin law does not prevent others from physically accompanying a circulator. Plaintiff disputes this paragraph to the extent it is offered as a legal conclusion that "accompany[iment]" equates to, or is a substitution for, circulation, or that it mitigates the First Amendment injury.

**REPLY**: Undisputed that Wisconsin law does not prevent others from physically accompanying a circulator. Defendants do not offer "[a]s a practical matter" as an opinion and thus Plaintiff's foundation objection is irrelevant. Defendants do not offer the

proposed fact as a legal conclusion and Plaintiff's "legal conclusion" objection is therefore also irrelevant.

4. As a practical matter, Wisconsin law did not and does not limit whether persons accompanying a circulator must be qualified to vote in or otherwise even reside in Wisconsin. (Second Kehoe Decl. ¶ 27.)

RESPONSE: Disputed in so far as "[a]s a practical matter" is opinion and lacks foundation. Undisputed that the statutes do not expressly impose residency requirements on persons who merely accompany a circulator. Disputed to the extent offered to suggest that accompaniment equates to, or is a substitute for, circulation, or that it mitigates the First Amendment inquiry.

**REPLY**: Undisputed that the statutes do not expressly impose residency requirements on persons who merely accompany a circulator. Defendants do not offer "[a]s a practical matter" as an opinion and thus Plaintiff's foundation objection is irrelevant. Defendants do not offer the proposed fact as a legal conclusion and Plaintiff's "legal conclusion" objection is therefore also irrelevant.

5. As a practical matter, any additional person could be present during the circulation of the nomination papers or recall petition to advocate for a candidate or for the recall petition, whether or not they are qualified to vote or reside in Wisconsin. (Second Kehoe Decl. ¶ 27.)

RESPONSE: Undisputed that the statutes do not ban a companion of the nomination paper or petition circulator from speaking while present. Disputed to the extent this paragraph is offered as a legal conclusion that accompaniment equates to, or is a substitute for, circulation, or that it mitigates the First Amendment inquiry.

**REPLY**: Undisputed that the statutes do not ban a companion of the nomination paper or petition circulator from

speaking while present. Defendants do not offer the proposed fact as a legal conclusion and Plaintiff's "legal conclusion" objection is therefore also irrelevant.

6. Issues related to circulator certifications on nomination papers have been a common basis for challenges to nomination papers filed with the Commission. (Second Kehoe Decl. ¶ 33.)

RESPONSE: Disputed as both overly vague and unsupported. The term "common" is not defined or quantified and is an opinion. Plaintiff does not dispute that certification defects are amongst the grounds challengers raise. The proposed finding is immaterial to the constitutionality of the residency restriction.

**REPLY**: Undisputed that certification defects are amongst the grounds challengers raise to nomination papers filed with the Commission. Plaintiffs do not dispute that such certification defects include circulator defects, and that fact is therefore also undisputed. Plaintiff's "opinion" objection to Kehoe's explanation that issues related to circulator certifications are "common" fails. It constitutes proper lay testimony based on Kehoe's knowledge. *See* Fed. R. Evid. 701. Plaintiff's "overly vague and unsupported" objection to Kehoe's explanation that such issues are "common" also fails, as the explanation provides sufficient specificity for lay testimony and the objection goes to weight, not admissibility. Ultimately, however, Plaintiff's objections do not create any dispute of material fact for purposes of summary judgment

because Plaintiff does not dispute that the Commission receives challenges to nomination papers based on circulator certification defects.

7. Issues related to the dating of the circulator signature are particularly common, as, for example, no signature on a nomination paper may be counted if the signature is dated after the date of the circulator certification. (Second Kehoe Decl. ¶ 33.)

RESPONSE: Disputed as both overly vague and unsupported. The term "common" is not defined or quantified and is an opinion. Plaintiff does not dispute that Wisconsin law provides that no signature may be counted if dated after the circulator certification date. The proposed finding is immaterial to the constitutionality of the residency restriction.

**REPLY**: Undisputed that Wisconsin law provides that no signature may be counted if dated after the circulator certification date. Plaintiff's "opinion" objection to Kehoe's explanation that issues related to circulator certifications are "common" fails. It constitutes proper lay testimony based on Kehoe's knowledge. *See* Fed. R. Evid. 701. Plaintiff's "overly vague and unsupported" objection to Kehoe's explanation that such issues are "common" also fails, as the explanation provides sufficient specificity for lay testimony and the objection goes to weight, not admissibility. Ultimately, however, Plaintiff's objections do not create any dispute of material fact for purposes of summary judgment because Plaintiff does not dispute that the Commission receives

challenges to nomination papers based on circulator certification defects.

8. Candidates often turn in nomination papers from circulators who appear to have signed their pages on the first day of circulation rather than the final day, which invalidates any signatures collected on a later date unless a correcting affidavit is filed showing that the circulator indeed collected the subsequent signatures. (Second Kehoe Decl. ¶ 33.)

RESPONSE: Disputed as both overly vague and unsupported. The term "often" is not defined or quantified and is an opinion. No dispute as to the legal consequence of an early-dated circulator certification under Wisconsin law. The proposed finding is immaterial to the constitutionality of the residency requirement.

**REPLY**: Undisputed that under Wisconsin law, a circulator who has signed their pages earlier than any signatures collected on a later date unless a correcting affidavit is filed showing that the circulator indeed collected the subsequent signatures. Plaintiff also does not dispute that such nomination papers—with circulators who appear to have signed their pages on the first day of circulation rather than the final day—have been turned in, and that fact is therefore also undisputed. Plaintiff's "opinion" objection to Kehoe's explanation that this occurs "often" fails. It constitutes proper lay testimony based on Kehoe's knowledge. *See* Fed. R. Evid. 701. Plaintiff's "overly vague and unsupported" objection to Kehoe's explanation that this occurs "often" also fails, as the explanation provides sufficient specificity for lay testimony,

and the objection goes to weight, not admissibility. Ultimately, however, Plaintiff's objections do not create any dispute of material fact for purposes of summary judgment because Plaintiff does not dispute that an early-dated circulator certification invalidates signatures collected on a later date and that such nomination papers have been turned in.

9. Any aspect of a circulator statement is subject to challenges. (Second Kehoe Decl. ¶ 34.)

RESPONSE: No dispute. The proposed finding is immaterial to the constitutionality of the residency requirement.

**REPLY**: The proposed fact is undisputed. Plaintiff's disagreement with the materiality does not create a dispute of fact.

10. Where the Commission is the filing officer by law and nomination papers are filed with the Commission, if the circulator line for a nomination paper page is facially deficient, the Commission will strike the entire page. (Second Kehoe Decl. ¶ 32.)

RESPONSE: No dispute. The proposed finding is immaterial to the constitutionality of the residency requirement.

**REPLY**: The proposed fact is undisputed. Plaintiff's disagreement with the materiality does not create a dispute of fact.

11. Where the Commission is the filing officer by law for recall petitions and recall petitions are filed with the Commission, if the circulator line for a recall petition page is facially deficient, the Commission will strike the entire page. (Second Kehoe Decl. ¶ 32.)

RESPONSE: No dispute. The proposed finding is immaterial to the constitutionality of the residency requirement.

**REPLY**: The proposed fact is undisputed. Plaintiff's disagreement with the materiality does not create a dispute of fact.

12. For the 2026 Fall Partisan Primary and 2026 General Election, there are roughly 130 state and congressional offices and over 150 county offices for which elections are held, where Act 126's circulator requirements apply. (Second Kehoe Decl. ¶ 14.)

RESPONSE: No dispute. The proposed finding is immaterial to the constitutionality of the residency requirement.

**REPLY**: The proposed fact is undisputed. Plaintiff's disagreement with the materiality does not create a dispute of fact.

13. For the 2026 Partisan Primary and General Election, nomination papers had to be filed by June 1, 2026. (Second Kehoe Decl. ¶ 15.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

14. For the 2026 Partisan Primary and General Election, challenges to nomination papers had to be made by June 4, 2026, with exceptions for a small number of offices with extended filing deadlines. (Second Kehoe Decl. ¶ 29.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

15. For the 2026 Partisan Primary and General Election, the Commission had to certify the candidates to the ballot by June 10, 2026. (Second Kehoe Decl. ¶ 34.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

16. The Commission's roles also include investigating violations of Wisconsin's election laws and referral for criminal prosecutions, and potential civil prosecutions for such violations. (Second Kehoe Decl. ¶¶ 38–39.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

17. In 2024, there were multiple unsuccessful petitions to recall Speaker of the Wisconsin State Assembly, Robin Vos. (Second Kehoe Decl. ¶ 41.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

18. The first recall effort did not obtain enough valid signatures, and the group seeking recall did not address the insufficiencies. (Second Kehoe Decl. ¶ 42.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

19. The Commission received a verified challenge to a recall petition from Speaker Vos, dated March 21, 2024. (Second Kehoe Decl. ¶ 43.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

20. Exhibit A to the Second Declaration of Robert Kehoe is a true and correct copy of the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024. (Second Kehoe Decl. ¶ 43; Ex. A.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

21. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that, with the help of a private investigator, Vos determined that four out-of-state convicted felons circulated 94 submitted recall petition pages of signatures. (Second Kehoe Decl. ¶ 44; Ex. A:5.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that, with the help of a private investigator, Vos determined that four out-of-state convicted felons circulated 94 submitted recall petition pages of signatures. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp. v. Gen. Motors Corp.*, 181 F.2d 70 (7th Cir. 1950), *rev'd on other grounds*, 340 U.S. 558 (1951). Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

22. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, argued that dozens of petition pages had to be stricken because, it alleged that Vos, with the use of a private investigator, identified out-of-state circulators for those pages whose listed addresses in Arizona could not be verified. (Second Kehoe Decl. ¶ 45; Ex. A:6.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, argued that dozens of petition pages had to be stricken because, it alleged that Vos, with the use of a private investigator, identified out-of-state circulators for those pages whose listed addresses in Arizona could not be verified. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

23. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration,

challenged 32 petition pages on grounds that those pages included circulator signature dates that pre-dated the signature dates on the petition pages. (Second Kehoe Decl. ¶ 46; Ex. A:6–7.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, challenged 32 petition pages on grounds that those pages included circulator signature dates that pre-dated the signature dates on the petition pages. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

24. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that 21 people had signed affidavits stating that their names were fraudulently included in the recall petitions. (Second Kehoe Decl. ¶ 47; Ex. A:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that 21 people had signed affidavits stating that their names were fraudulently included in the recall petitions. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

25. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that the circulators who forged signatures included Rich Clotaire, with an address in Florida. (Second Kehoe Decl. ¶ 48; Ex. A:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can

arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that the circulators who forged signatures included Rich Clotaire, with an address in Florida. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

26. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that the circulators who forged signatures included Lavelle Hester Bey, with an address in New York. (Second Kehoe Decl. ¶ 49; Ex. A:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A toKehoe's Second Declaration, alleged that the

circulators who forged signatures included Lavelle Hester Bey, with an address in New York. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

27. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that the circulators who forged signatures included Jason Lopez, with an address in Florida. (Second Kehoe Decl. ¶ 50; Ex. A:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that the circulators who forged signatures included Jason Lopez, with an address in Florida. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts,

but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

28. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that the circulators who forged signatures included Carlo Green, with an address in Florida. (Second Kehoe Decl. ¶ 51; Ex. A:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that the circulators who forged signatures included Carlo Green, with an address in Florida. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

29. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration,

alleged that at least three minors had their names fraudulently added to the recall petitions. (Second Kehoe Decl. ¶ 52; Ex. A:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that at least three minors had their names fraudulently added to the recall petitions. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

30. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that a woman who signed the recall petition was told that it was a petition supporting "women's rights." (Second Kehoe Decl. ¶ 53; Ex. A:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from

serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that a woman who signed the recall petition was told that it was a petition supporting "women's rights." Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

31. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that the circulator who collected the woman's signature who said she was told that it was a petition supporting "women's rights" listed an address in Mississippi. (Second Kehoe Decl. ¶ 54; Ex. A:8–9.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that the circulator who collected the woman's signature who said she was told that it was a petition supporting "women's rights" listed an address in Mississippi. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

32. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that a man who is not a citizen of Wisconsin or the United States, residing in the country under a visa, was approached by a woman and told he did not need to be eligible to vote to sign the petition. (Second Kehoe Decl. ¶ 55; Ex. A:9.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024,

Exhibit A to Kehoe's Second Declaration, alleged that a man who is not a citizen of Wisconsin or the United States, residing in the country under a visa, was approached by a woman and told he did not need to be eligible to vote to sign the petition. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

33. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that the signature of the man who is not a citizen of Wisconsin or the United States, residing in the country under a visa, who was approached by a woman and told he did not need to be eligible to vote to sign the petition, was collected by a woman who listed an address in Arizona. (Second Kehoe Decl. ¶ 56; Ex. A:9.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that the

signature of the man who is not a citizen of Wisconsin or the United States, residing in the country under a visa, who was approached by a woman and told he did not need to be eligible to vote to sign the petition, was collected by a woman who listed an address in Arizona. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

34. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that a man's signature appeared on the recall petition, dated February 27, 2024, even though he had been held at the Racine County Jail since February 4, 2024. (Second Kehoe Decl. ¶ 57; Ex. A:9–10.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that a man's signature appeared on the recall petition, dated February 27, 2024,

even though he had been held at the Racine County Jail since February 4, 2024. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

35. The verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Robert Kehoe's Second Declaration, alleged that the man's signature that appeared on the recall petition, dated February 27, 2024, even though he had been held at the Racine County Jail since February 4, 2024, was allegedly collected by Lavelle Hester Bey, with a listed address in New York. (Second Kehoe Decl. ¶ 58; Ex. A:9–10.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated March 21, 2024, Exhibit A to Kehoe's Second Declaration, alleged that the man's signature that appeared on the recall petition, dated February 27, 2024, even though he had been held at the Racine County Jail since February 4, 2024, was allegedly collected by Lavelle Hester

Bey, with a listed address in New York. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

36. The Commission also received a verified challenge to a second recall petition from Speaker Vos, dated June 7, 2024. (Second Kehoe Decl. ¶ 59.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

37. Exhibit B to Robert Kehoe's Second Declaration is a true and correct copy of the verified challenge that the Commission received from Speaker Vos, dated June 7, 2024. (Second Kehoe Decl. ¶ 60; Ex. B.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

38. The verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Robert Kehoe's Second Declaration, alleged that multiple out-of-state circulators provided non-existent addresses. (Second Kehoe Decl. ¶ 61; Ex. B:8.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can

arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Kehoe's Second Declaration, alleged that multiple out-of-state circulators provided non-existent addresses. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

39. The verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Robert Kehoe's Second Declaration, alleged that at least four circulators forged names on petitions. (Second Kehoe Decl. ¶ 62; Ex. B:12–16.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Kehoe's Second Declaration, alleged that at least four

circulators forged names on petitions. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

40. The verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Robert Kehoe's Second Declaration, alleged that circulators had confirmed criminal records from Arkansas, Maryland, Florida, Arizona, North Carolina, Texas, Ohio, and Illinois. (Second Kehoe Decl. ¶ 63; Ex. B:16–18.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Kehoe's Second Declaration, alleged that circulators had confirmed criminal records from Arkansas, Maryland, Florida, Arizona, North Carolina, Texas, Ohio, and Illinois. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's

arguments regarding the relevance of the allegations do not create any dispute of fact.

41. The verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Robert Kehoe's Second Declaration, alleged that for out-of-state felons, it was difficult to determine if they had completed their criminal sentences. (Second Kehoe Decl. ¶ 64; Ex. B:18.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Kehoe's Second Declaration, alleged that for out-of-state felons, it was difficult to determine if they had completed their criminal sentences. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

42. The verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Robert Kehoe's Second Declaration, alleged that individuals were falsely told that the recall petition was a petition

to prevent farmland from being sold to China. (Second Kehoe Decl. ¶ 65; Ex. B:18.)

RESPONSE: No dispute that the verified challenge contains the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the verified challenge that the Commission received from Speaker Vos, dated June 7, 2024, Exhibit B to Kehoe's Second Declaration, alleged that individuals were falsely told that the recall petition was a petition to prevent farmland from being sold to China. Defendants do not offer the proposed fact to establish that those allegations were established as proven facts, but rather to show that the allegations were made. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

43. Separate from consideration of verified challenges, part of the Commission's authority also includes investigation of complaints filed with the Commission alleging violations of Wisconsin elections laws, and referral to prosecutors for potential criminal prosecution upon a finding of probable cause, in accordance with Wis. Stat. § 5.05. (Second Kehoe Decl. ¶ 38.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

44. The Commission is required to keep many components of its investigation and consideration of complaints filed with it for violations of Wisconsin's elections law confidential by law, but a letter referring a matter to a prosecutor for potential prosecution upon a finding of probable cause is an exception. (Second Kehoe Decl. ¶ 66.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

45. On February 27, 2026, the Commission issued a letter finding probable cause to believe that persons violated elections law upon a complaint of Robin Vos and referring the matter to the Racine County District Attorney's Office. (Second Kehoe Decl. ¶ 67; Ex. C.)

RESPONSE: No dispute that the Commission issued a letter finding probable cause dated February 27, 2026. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that on February 27, 2026, the Commission issued a letter finding probable cause. Plaintiff's response does not dispute that it issued the letter finding probable cause that persons violated elections laws upon a complaint of Robin Vos and that the Commission referred the matter to the Racine County District Attorney's Office, and that is also therefore undisputed. Defendants do not offer the findings in the probable cause referral letter to establish that the allegations contained in

the letter were established as proven facts, but rather to show that the Commission made the probable cause findings and referral. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

46. Exhibit C to Robert Kehoe's Second Declaration is a true and correct copy of the February 27, 2026, letter issued by the Commission finding probable cause to believe that persons violated elections law upon a complaint of Robin Vos and referring the matter to the Racine County District Attorney's Office. (Second Kehoe Decl. ¶ 67; Ex. C.)

RESPONSE: No dispute.

**REPLY**: Undisputed

47. As reflected in that February 27, 2026, letter, Exhibit C to Robert Kehoe's Second Declaration, the Commission found probable cause to believe that persons had, among other things, falsely listed an address that was not their residence on the circulator certification of a petition to recall Speaker Vos that they signed. (Second Kehoe Decl. ¶ 67; Ex. C.)

RESPONSE: No dispute that the letter includes the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the February 27, 2026, letter, Exhibit C to Kehoe's Second Declaration, provides that the Commission found probable cause to believe that persons had, among other things, falsely listed an address that was not their

residence on the circulator certification of a petition to recall Speaker Vos that they signed. Defendants do not offer the probable cause referral letter to establish that the allegations contained in the letter were established as proven facts, but rather to show that the Commission made the probable cause findings. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

48. As further reflected in that February 27, 2026, letter, Exhibit C to Robert Kehoe's Second Declaration, the Commission also found probable cause to believe that multiple persons violated Wis. Stat. § 12.13(3)(a), which prohibits falsifying or fraudulently defacing or destroying a recall petition. (Second Kehoe Decl. ¶ 68; Ex. C.)

RESPONSE: No dispute that the letter includes the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the February 27, 2026, letter, Exhibit C to Kehoe's Second Declaration, provides that the Commission found probable cause to believe that multiple persons violated Wis. Stat. § 12.13(3)(a), which prohibits falsifying or fraudulently defacing or destroying a recall petition. Defendants do not offer the probable cause referral letter to establish that the

allegations contained in the letter were established as proven facts, but rather to show that the Commission made the probable cause findings. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

49. As further reflected in that February 27, 2026, letter, Exhibit C to Robert Kehoe's Second Declaration, the Commission found that credible evidence was submitted to the Commission from several individuals who attested that they did not actually sign the recall petition, without rebuttal from the involved circulators. (Second Kehoe Decl. ¶ 69; Ex. C.)

RESPONSE: No dispute that the letter includes the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the February 27, 2026, letter, Exhibit C to Kehoe's Second Declaration, provides that the Commission found that credible evidence was submitted to the Commission from several individuals who attested that they did not actually sign the recall petition, without rebuttal from the involved circulators. Defendants do not offer the probable cause referral letter to establish that the allegations contained in the letter were established as proven facts, but rather to show that the

Commission made the probable cause findings. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

50. As further reflected in that February 27, 2026, letter, Exhibit C to Robert Kehoe's Second Declaration, the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Rich Clotaire, with a Florida address. (Second Kehoe Decl. ¶ 70; Ex. C.)

RESPONSE: No dispute that the letter includes the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the February 27, 2026, letter, Exhibit C to Kehoe's Second Declaration, provides that the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Rich Clotaire, with a Florida address. Defendants do not offer the probable cause referral letter to establish that the allegations contained in the letter were established as proven facts, but rather to show that the Commission made the probable cause findings. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

51. As further reflected in that February 27, 2026, letter, Exhibit C to Robert Kehoe's Second Declaration, the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Carlo Green, with a Florida address. (Second Kehoe Decl/ ¶ 71; Ex. C.)

RESPONSE: No dispute that the letter includes the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the February 27, 2026, letter, Exhibit C to Kehoe's Second Declaration, provides that the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Carlo Green, with a Florida address. Defendants do not offer the probable cause referral letter to establish that the allegations contained in the letter were established as proven facts, but rather to show that the Commission made the probable cause findings. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

52. As further reflected in that February 27, 2026, letter, Robert Kehoe's Second Declaration Exhibit C, the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Lavelle Hester Bay, with a New York address. (Second Kehoe Decl. ¶ 72; Ex. C.)

RESPONSE: No dispute that the letter includes the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the February 27, 2026, letter, Exhibit C to Kehoe's Second Declaration, provides that the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Lavelle Hester Bay, with a New York address. Defendants do not offer the probable cause referral letter to establish that the allegations contained in the letter were established as proven facts, but rather to show that the Commission made the probable cause findings. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

53. As further reflected in that February 27, 2026, letter, Robert Kehoe's Second Declaration Exhibit C, the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Jason Lopez, with a Florida address. (Second Kehoe Decl. ¶ 73; Ex. C.)

RESPONSE: No dispute that the letter includes the allegations described. Plaintiff disputes that those allegations have been established as proven facts, and further disputes any implication that the allegations demonstrate a unique or constitutionally sufficient justification for categorically barring all non-Wisconsin residents from serving as circulators. The allegations from the verified challenge are relevant only

to the extent that they show that verification issues can arise, they do not establish that a residency restriction is narrowly tailored or the least restrictive means of addressing any issues.

**REPLY**: Undisputed that the February 27, 2026, letter, Exhibit C to Kehoe's Second Declaration, provides that the persons whom the Commission found probable cause to believe had violated Wis. Stat. § 12.13(3)(a) included Jason Lopez, with a Florida address. Defendants do not offer the probable cause referral letter to establish that the allegations contained in the letter were established as proven facts, but rather to show that the Commission made the probable cause findings. *Emich Motors Corp.*, 181 F.2d 70. Plaintiff's arguments regarding the relevance of the allegations do not create any dispute of fact.

54. As a general matter, it can be more difficult for the Commission to discern the veracity of information about individuals who do not reside in Wisconsin. (Second Kehoe Decl. ¶ 74.)

RESPONSE: Disputed as an unsupported opinion and lacking foundation.

**REPLY**: Plaintiff offers no evidence to dispute this proposed fact. Plaintiff's "opinion" objection fails, as the proposed fact constitutes proper lay testimony based on Kehoe's knowledge. *See* Fed. R. Evid. 701. Plaintiff's foundation objection fails because Kehoe's Second Declaration provides the foundation: that he has

served as Deputy Administrator of the Commission since June 2022 and makes the declaration based on his personal knowledge. (Dkt. 52 ¶¶ 2–4.) And Plaintiff's argument that the testimony is "unsupported" goes to weight, not admissibility.

55. Commission staff are able to use official state and county resources to look up a Wisconsin address. (Second Kehoe Decl. ¶ 74.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

56. For any out of state address, the Commission and any local filing officer would need to rely on other publicly available resources, such as Google maps, to look up on address. (Second Kehoe Decl. ¶ 74.)

RESPONSE: No dispute that publicly available resources can be used to look up an address.

**REPLY**: Undisputed.

57. Criminal conviction records are generally easy to research in Wisconsin through Wisconsin Circuit Court Case Access (WCCA). (Second Kehoe Decl. ¶ 74.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

58. Other states may not have resources for searching criminal conviction records comparable to WCCA. (Second Kehoe Decl. ¶ 74.)

RESPONSE: Disputed as speculative and unsupported. Even if true as a general matter, this fact is immaterial to whether a categorical ban on non-Wisconsin circulators is constitutional.

**REPLY**: Plaintiff offers no evidence to dispute this proposed fact. Plaintiff's "speculative" objection fails because the proposed fact establishes that other states' resources for searching criminal conviction records may not be comparable to WCCA; it does not involve affirmative assertions based on speculation as what those other state resources are. Plaintiff's "unsupported" objection fails because the proposed fact constitutes proper lay testimony based on Kehoe's knowledge, *See* Fed. R. Evid. 701, and the objection goes to weight, not admissibility.

59. The Commission's statutory subpoena powers do not extend to those living outside the state. (Second Kehoe Decl. ¶ 75.)

RESPONSE: No dispute.

**REPLY**: Undisputed.

60. Given the very short statutory timeframes for submission of challenges to nomination papers and recall petitions and their resolution, any additional hurdles in verifying information impedes a potential challenger's ability to determine information relevant to a challenge about a circulator, and impedes the Commission or a local filing officer's ability to consider challenges and address potentially incorrect or fraudulent papers. (Second Kehoe Decl. ¶ 76.)

RESPONSE: Disputed as unsupported opinion and legal argument.

**REPLY**: Plaintiff offers no evidence to dispute this proposed fact. Plaintiff's "unsupported opinion and legal argument"

objections fail as it constitutes proper factual lay testimony based on Kehoe's knowledge. *See* Fed. R. Evid. 701.

Dated this 2nd day of November 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Charlotte Gibson
CHARLOTTE GIBSON
Assistant Attorney General
State Bar #1038845

HANNAH S. JURSS
Assistant Attorney General
State Bar #1081221

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 957-5218 (CG)
(608) 266-8101 (HSJ)
(608) 294-2907 (Fax)
Charlie.Gibson@wisdoj.gov
Hannah.Jurss@wisdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 2, 2026, I electronically filed the foregoing Defendants' Reply to Plaintiff's Response, (Dkt. 56), to Defendants' Statement of Proposed Material Facts in Support of Motion for Summary Judgment, (Dkt. 54) with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 2nd day of November 2026.

Electronically signed by:

s/ Charlotte Gibson
CHARLOTTE GIBSON
Assistant Attorney General